## BISHOP *v.* DODGE.

1. VENDOR AND PURCHASER—ACTION FOR PRICE—EVIDENCE—ADMIS-SIBILITY—PLEADINGS.

In an action to recover on a note given in payment for land, where the defendant pleaded the general issue with notice of the special defense that the note was obtained. by false and fraudulent representations relative to such land which defendant was negotiating for, evidence offered by defendant after plaintiff rested to show the note was without consideration because given for a deed to the land which had not been delivered, was inadmissible under the pleadings, and as showing that such defense had been litigated adversely to defendant in a former suit brought by him.

2. ESCROW—DEEDS—DELIVERY—TAKING EFFECT.

Where a note given for the purchase price of land and a deed for such land were placed in escrow with a third party, the note to be delivered to the vendor and the deed to the vendee at the maturity of the note, *held*, that such escrow was to be construed as a deed by the vendor to the vendee from its first delivery to the depositary as soon as the time expired and the condition was fulfilled under which it remained in escrow, during which its effect as a deed to the vendee remained suspended.[1]

3. DEEDS—DELIVERY—TITLE.

The deed passed by such delivery in escrow beyond the vendor's control, and, at the stipulated time, became the purchaser's absolutely and vested title in him unconditionally.

4. JUDGMENT—FOREIGN JUDGMENT — CONCLUSIVENESS — RES JUDI-CATA.

The decision of the court of a foreign State as to the validity of a note given for the purchase price of land is conclusive in another controversy involving the same subject matter.

---

[1] On delivery of deed in escrow as a change of title or interest, see note in 38 L. R. A. (N. S.) 142.

5. PLEADING—EVIDENCE—NOTICE—SCOPE OF.

    Proof of an affirmative defense under a plea of the general issue with notice of special defense cannot be made beyond the scope of the notice.

6. JUDGMENTS—RES JUDICATA—QUESTION OF LAW.

    Whether a former adjudication interposed by plaintiff to an affirmative defense tendered under a special notice is *res judicata* and operates as an estoppel by judgment against such defense is a question of law for the court.

7. PLEADING—RES JUDICATA—NOTICE.

    It is immaterial at what stage of the case a former adjudication interposed to a special defense, under notice filed with the plea of general issue, is proven, as no pleading in answer to a special notice under such plea is required.

Error to Van Buren; Des Voignes, J. Submitted January 9, 1917. (Docket No. 63.) Decided May 31, 1917.

Assumpsit by Maggie L. Bishop, doing business as the Bishop Jewelry Company, against Thomas F. Dodge on a promissory note. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*W. J. Barnard,* for appellant.

*Lincoln H. Titus,* for appellee.

STEERE, J. Plaintiff brought this action against defendant in the circuit court of Van Buren county on a promissory note for $600 given by the latter to the former, reading as follows:

"$600.          LAWTON, MICH.; April 22, 1909.

"On or before six months after date I promise to pay to the order of Bishop Jewelry Company six hundred dollars, with interest at 7 per cent. per annum, value received.

                      "THOMAS F. DODGE."

Plaintiff declared upon the common counts in as-

sumpsit with a copy of note attached to the declaration and notice that the same, constituting the sole cause of action, would be introduced in evidence upon the trial. Defendant pleaded the general issue with a somewhat lengthy notice of special defense, the substance of which is that the note was obtained by false and fraudulent representations relative to certain land which defendant was negotiating for and contracted to buy, in connection with which said note was given without consideration.

The trial resulted in a directed verdict and judgment thereon in favor of plaintiff for the amount of said note with interest. It is stated in defendant's brief that the meritorious questions raised by the numerous assignments of error are:

"Is it error for the court to direct a verdict for plaintiff without giving defendant an opportunity to be heard?

"Is it error for the court to direct a verdict for plaintiff and prevent defendant from showing that the suit has been prematurely brought and that consideration for the note had not been tendered him?"

Upon the trial plaintiff introduced the note in evidence accompanied by the depositions of Maggie L. Bishop, plaintiff, showing that she was the owner of the note; that the same had not been paid; that she was doing business as the Bishop Jewelry Company which did not signify any corporation or partnership, but simply her trade-name. Her answers to cross-interrogatories proposed by defendant's counsel relative to the transaction which resulted in defendant giving the note were also admitted in evidence against plaintiff's objection. Plaintiff thereupon rested, and, a motion to direct a verdict for defendant being overruled, defendant's counsel made the following opening statement to the jury:

"In this case we will contend that there was no consideration for this note, that those people have got

$600 of our moncey, and that this note was given for a deed of these oil lands, and they have never tendered us a deed and we have never seen one and don't know where there is any deed. We will show further that they did send this note to the Lawton bank and made a draft on us for $600; Mr. Dodge was notified, and he went there and refused to pay the note because the deed didn't accompany the note, and, so far as we know, the property might have been deeded to somebody else; that no deed has ever been delivered to us or tendered to us, and, as shown by her deposition here, the sole consideration for this note was the deed to these oil lands which we have not received, and none has been tendered to us, and therefore the note is without consideration."

Thereafter plaintiff's counsel objected to the introduction of any testimony by defendant, either under statement of counsel or the special notice given with his plea of the general issue, for the reason that the otherwise material matter so stated and set up in defendant's special notice had been litigated on its merits in the courts of Oklahoma, and was *res adjudicata*. In support of this objection he offered in evidence an authenticated transcript of a judgment and proceedings relating to it of record in a case between defendant Thomas F. Dodge, as plaintiff, and Maggie L. Bishop and others, as defendants, begun on September 13, 1909, in the district court of Rogers county, Okl., where defendant filed a complaint setting up at length matters in relation to a contract by him with plaintiff for the purchase of certain land in that locality said to contain producing oil wells, at an agreed price of $1,200, for part of which the $600 note involved in this litigation was given.

From this transcript it appears that the differences between these parties in relation to the validity of this note and the contract in connection with which it was given had been litigated in the Oklahoma court on the initiative of Dodge, resulting in a verdict and judg-

ment adverse to his contention that a motion by him for a new trial had been denied, and the judgment against him was not appealed from. The duly certified records of that case show that on April 22, 1909, Dodge contracted to purchase from Maggie L. Bishop 20 acres of land near a place called Claremore, in Oklahoma, at an agreed price of $1,200, of which he was to pay one-half down and give his note due in six months for the balance, his note and a deed from her of the land to be deposited with the Farmers' Bank & Trust Company of Claremore, to be held by it in escrow until the maturity of said note, when the deed was to be delivered to him and the note to her; that, pursuant to such agreement, the deed and note were so deposited in escrow as aforesaid and $600 in cash paid by him. It further appeared that this land lay in "what is commonly called the oil and gas belt," and that oil had been found upon it.

On September 13, 1909, while the bank yet held the deed and note in escrow, and a few days before the latter fell due, Dodge commenced his action in the Oklahoma court against said Maggie L. Bishop, her husband who acted as agent for her, and the bank, claiming he had been fraudulently deceived into purchasing the land by false representations as to the quantity of oil produced by oil wells located upon it, asking in his complaint:

That "the defendant Farmers' Bank & Trust Company be required to deliver into court the said deed and note so deposited with it in escrow as aforesaid; and that it then be discharged without costs, and that he have judgment against the defendants Maggie L. Bishop and J. W. Bishop in the sum of $600, with interest from the 22d day of April, 1909, at the rate of 8 per cent. and that the note so executed as aforesaid be canceled and returned to this plaintiff, and that this plaintiff be decreed to have a lien upon the premises above described to secure the payment of said $600, and interest, and that upon the payment of said $600,

and interest, and the return of said note said deed be delivered back to said defendant, and the lien thereby created be satisfied, and that this plaintiff may have such other and further relief as may be equitable in the premises and his costs herein."

His special notice under a plea of the general issue in the instant case is along the same lines and in substance sets up the same grounds of defense stated by him as grounds for relief in his complant in that case. In said complaint he states that:

His note, "together with the said deed, was to be deposited with the defendant Farmers' Bank & Trust Company, to be held in escrow until maturity of said note, and upon the maturity of said note said deed was to be delivered to this plaintiff [Dodge] and said note to said defendant."

He further alleges that:

"Said deed and said note were so deposited in escrow as aforesaid and said $600 in cash was paid by this plaintiff."

As to a want of consideration he alleges:

"That he bought said land exclusively as an oil proposition, and that the same is of no value whatever to him for any purpose other than as an investment in oil and gas, and that, had he not been induced by the means aforesaid to believe that they were of great value as such investment, he would not have entered into said contract."

The grounds upon which he sought relief having been put in issue by defendant's pleadings, the matter was litigated on its merits, with the result already stated.

The interrogating suggestion in his counsel's brief that a verdict was directed in this case without giving defendant an opportunity to be heard evidently relates to the court's ruling that testimony which defendant offered, and sought to introduce, was not admissible because the subject-matter of the proposed testimony

had been formerly litigated and was *res adjudicata,* for his counsel was fully heard upon the law and the admissibility of his proposed testimony. Thereafter, on motion of attorney for plaintiff, a verdict was directed.

During the discussion of these questions between counsel and court the following occurred:

*"The Court (addressing defendant's counsel)* : You abandon in this case, as I understand it, a right to go to the jury on the question of false representation, but contend that you have a right to go to the jury on the question of consideration only?

*"Defendant's Counsel:* That is it exactly.

*"The Court:* Suppose, for instance, the court declined to rule now and the defendant went on with his proof: you would not contend that you would have any right to introduce any testimony tending to show fraudulent representation?

*"Defendant's Counsel:* Not at all."

At the close of the charge and before the directed verdict was taken defendant's counsel said:

"At this time we offer to show that it was agreed between Mrs. Bishop and Mr. Dodge, at the time this note and this deed were put in the bank, that when this note matured that the bank was to telephone to Mrs. Bishop and the bank was to send the deed to Mr. Dodge at Lawton, and the note should also be sent there to the bank and demand for payment made at Lawton. And that this has never been done. And we will also show that the note was sent to the bank at Lawton and demand made on Mr. Dodge to pay the note, and that he refused to pay the note because the deed did not accompany it according to agreement."

The trial court rightly held that defendant's proffered testimony was not admissible under the condition of the case as it then stood, and the directed verdict was thereupon taken. No special notice of such affirmative defense had been given under defendant's plea of the general issue, and he had distinctly set out in his complaint as plaintiff in the Oklahoma case that

both his note to Maggie Bishop and her deed of the land to him had been delivered in escrow to the bank, a third party, to be held by it in that capacity until the note fell due when it was to be delivered to her and the deed to him. Under such a delivery to a third party the deed passed beyond her control, and at the expiration of the stipulated time became his absolutely and vested the title in him unconditionally. Such an escrow is to be construed as a deed by her to him from its first delivery to the bank as soon as the time expired and the condition was fulfilled under which it remained in escrow, during which its effect as a deed to him had remained suspended. *Hatch* v. *Hatch,* 9 Mass. 307 (6 Am. Dec. 67).

That the validity of this note and the consideration for it had been directly involved and decided in the former litigation between these parties was made plain by the transcript of judgment from the Oklahoma court, and was conclusive in this subsequent controversy where the same matter came up again under defendant's special notice. Execution of the note was not denied, and it was incumbent on defendant to give special notice of whatever affirmative defense he desired to make. He could not make proof of any affirmative defense beyond the scope of his notice. Whether the former adjudication which plaintiff interposed was *res adjudicata* and operated as an estoppel by judgment against the affirmative defense tendered under the special notice was a question of law for the court. Were a defendant seeking to raise the question, it should have been pleaded, but under our practice no pleading in answer to a special notice under a plea of the general issue in an action at law is provided for. The propriety of plaintiff's manner of raising the question at that stage of the case by objection to any testimony under the defendant's special notice and proof in support of the objection was questioned by

the court at the time the transcript of judgment was offered, objection to it being made by defendant, the court intimating it was out of the order of proof and plaintiff by then objecting, with his reasons therefor, could save his rights, and later as a matter of rebuttal might show, if able, estoppel by record, but while plaintiff's counsel was arguing to the court his right to introduce the transcript of judgment at that time defendant's counsel finally relieved the court from ruling by saying, "If you want the jury excused, put her in and we will thresh it out." This was done.

In 8 R. C. L. p. 842, it is said in discussing this question that estoppel by record or otherwise should as a general rule be pleaded. where the case gives opportunity, "or, if from the nature of the case it cannot properly be pleaded, but goes rather to the admissibility of evidence, it should be made the basis of an objection to such evidence, and, if not thus involved, is waived."

If, as we think the court rightly held, there was a former adjudication which operated as an absolute bar to the affirmative defense of which special notice was given, it could make no difference in the final result at what stage of the case the former judgment was proven. *Clink* v. *Thurston,* 47 Cal. 21. Such was inferably the attitude of defendant's counsel in consenting to "thresh it out" at that time.

We conclude that under the record before us the proof of a former adjudication upon the matter embodied in defendant's special plea was before the court, and against it proof of the defense proposed was inadmissible.

We therefore find no occasion to disturb the judgment rendered, and the same is hereby affirmed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, BROOKE, and FELLOWS, JJ., concurred.