STATE OF CALIFORNIA *v.* MAX LARSEN, INC.

STATE OF CALIFORNIA *v.* LARSEN TRANSPORTATION, INC.

1. PLEADING—AMENDMENT—DISCRETION.
    Refusing to allow defendants to amend their pleadings in action to enforce an out-of-state judgment was not an abuse of discretion where the defendants sought to file, on the day of trial, a supplemental answer stating that the complaint in the original action failed to state a cause of action, because the defendants did not give the court any reason for the delay in filing such an elementary defense and because no reason exists to compel the plaintiff to meet an entirely new defense on the day of trial (GCR 1963, 118).

2. JUDGMENTS—FOREIGN JUDGMENT—VALIDITY—BURDEN OF PROOF.
    A party seeking to enforce an out-of-state judgment has the burden of proving that the judgment was rendered; the opposing party then has the burden of proving that the judgment was void for lack of jurisdiction.

3. EVIDENCE—FOREIGN JUDGMENT—SEAL—INTEGRATED DOCUMENT—STATUTES.
    Admitting a copy of a California judgment was proper even though the judgment itself was not sealed where the judgment papers consisted of three numbered pages, the first two

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 41 Am Jur Pleading §§ 288–315.
    Uniform Enforcement of Foreign Judgments Act. 72 ALR2d 1255.
[2] 46 Am Jur 2d, Judgments §§ 905, 906.
[3] 30 Am Jur 2d, Evidence §§ 988–990.

pages consisted of attestations by the clerk of the court and certifications by the trial judge, and one of the attestation pages had a seal annexed to it, because the three pages were integrated to the extent they became one single document and a seal on any of the three pages would comply with statutory requirements (MCLA § 600.2103).

Appeal from Branch, Mark S. Andrews, J. Submitted Division 3 November 10, 1970, at Grand Rapids. (Docket Nos. 8918 and 8919.) Decided March 24, 1971.

Complaint by the State of California against Max Larsen, Inc., to enforce a judgment entered by a California court for payment of sales and use taxes. Judgment for plaintiff. Defendant appeals. Complaint by the State of California against Larsen Transportation, Inc., to enforce a judgment entered by a California court for payment of sales and use taxes. Judgment for plaintiff. Defendant appeals. Appeals consolidated. Both judgments affirmed.

*Robert L. Redmond,* for plaintiff.

*Warner, Norcross & Judd* (by *William K. Holmes*), for defendants.

Before: T. M. BURNS, P. J., and R. B. BURNS and MUNRO,* JJ.

T. M. BURNS, P. J. Plaintiff, the State of California, sued defendant corporations separately in California for payment of that state's sales and use taxes. Process in each of the California suits was served on defendants in Michigan. Defendants did not appear in either suit and the California court entered default judgments. Thereafter, plaintiff

---

* Circuit judge, sitting on the Court of Appeals by assignment.

brought suit in Michigan to enforce the California judgments and the trial court found in plaintiff's favor in each case. Defendants appeal both judgments, the appeals having been consolidated since the same questions are presented in both cases.

Defendants first contend that the trial court erred in refusing defendants' motion to amend their answers at the time of trial. GCR 1963, 118 provides:

"A party may amend his pleading once as a matter of course at any time before or within 15 days after a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial calendar, he may amend it at any time before or within 15 days after it is served. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave shall be freely given when justice so requires."

The supplemental answer with which defendants sought to amend their pleading stated that the complaint in the California suit failed to state a cause of action. Defendants did not give the trial court, nor do they give this Court, any reason for the delay in filing such an elementary defense. Absent some reason for failure to file such an answer, we see no reason for compelling plaintiff to meet an entirely new defense on the day of trial. The trial court did not abuse the discretion conferred upon it by the court rule by refusing to allow the defendants to amend their answer.

Defendants also contend that the trial court erred by failing to find that the California court did not have jurisdiction over the parties, and, therefore, the judgments are void and not entitled to full faith and credit.[1]

---

[1] US Const, art 4, § 1.

At the close of plaintiff's proofs, the defendants moved for directed verdicts on the ground that jurisdiction of the California court over defendants had not been proven. The court denied defendants' motions. The defendants offered no evidence and the trial court entered judgment against Max Larsen, Inc., in the amount of $2,901.32 plus interest and costs and against Larsen Transportation, Inc., in the amount of $1,007.36 plus interest and costs.

It is defendants' position that by asserting the defense of lack of jurisdiction in their answer, the burden of establishing jurisdiction was upon the plaintiff, a burden the plaintiff failed to carry. However, plaintiff has no such burden. The burden upon plaintiff is to prove that the judgment has been rendered in the California court. It is then the burden of the defendant to prove that the judgment of that court is void for want of jurisdiction. In *Henry* v. *Henry* (1960), 362 Mich 85, 102, the Supreme Court stated:

"We have no doubt, as appellant's counsel contend, that in attacking a presumptively valid decree of divorce issued by a sister state, the full faith and credit clause (US Const, Art 4, § 1) and ample case precedent *(citations omitted)* demand that the attacking party bear the burden of proof that no domicile was established."

Therefore, all plaintiff is required to establish is that the California court rendered the judgments in question. Then, since the judgments are presumed valid,[2] it would be incumbent upon the defendants to successfully attack the jurisdiction of the court in which the judgments were taken. Absent defendants' successful attack upon jurisdiction, the courts

---

[2] *United States* v. *French* (1934), 9 F Supp 30; *Detroit Trust Co.* v. *Union Guardian Trust Co.* (1933), 65 F2d 73; *Northrup* v. *Jay* (1933), 262 Mich 463; 31A CJS, Evidence, § 145, p 310.

in this state are bound by the United States Constitution to give the judgments full faith and credit.

Plaintiff, in the action below, in an attempt to establish that the judgments sued upon were actually rendered by the California court, entered into evidence copies of the judgments. Defendants contend that these copies should not have been admitted because they did not conform to the requirements set forth in MCLA § 600.2103 (Stat Ann 1962 Rev § 27A.2103), which provides:

"The records and judicial proceedings of any court in the several states and territories of the United States * * * shall be admitted in evidence in the courts of this state upon being authenticated by the attestation of the clerk of such court with the seal of the court annexed, or of the officer in whose custody such records are legally kept with the seal of his office annexed."

Each of plaintiff's exhibits 7 and 8 consisted of three numbered pages. The first two pages consisted of attestations by the clerk of the court and certifications by the trial judge. On the third page appeared the judgments. The attestations on page one had a seal annexed to them, but no seal appeared on either judgment. Defendants contend, therefore, that the requirements of the above statute have not been met because the seal must be annexed to the judgment itself.

We disagree. It is obvious from an examination of the exhibits that the three pages are integrated to the extent that they become one single document. A seal on any of the three pages would be consistent with the requirements of the statute. We, therefore, hold that the copies of the judgments were properly admitted by the trial court.

Since the existence of the judgments was established by the admittance of the copies thereof into

evidence and since defendants then offered no proofs whatever to establish that the judgments were void for want of jurisdiction, we find that the trial court was correct in holding that the judgments sued upon are entitled to full faith and credit.

Affirmed.

All concurred.