NATIONAL EQUIPMENT RENTAL, LTD v MILLER

1. NOTICE—CONFLICTS OF LAW—CERTIFIED MAIL—REASONABLENESS—OPPORTUNITY TO DEFEND.

   Certified mail as a method of service is permissible by general principles of conflicts law.

2. STATUTES—LONG ARM STATUTES—RELEVANCY—JURISDICTION—CONTRACTS—PARTIES.

   A state's "long arm" statutes are not relevant where the basis for jurisdiction is by contractual agreement of the parties.

3. CONTRACTS—PARTIES—CONSENT TO JURISDICTION—METHODS OF PROCESS.

   Parties to a contract may expressly consent to jurisdiction and methods of process.

4. JUDGMENT—FOREIGN JUDGMENTS—NOTICE—JURISDICTION—PARTIES—CONCLUSIVENESS—SUBJECT MATTER.

   Recognition of foreign judgments rendered by certified mail notice does not conflict with the state's basic position that a foreign judgment is conclusive, if jurisdiction has been obtained over parties and the subject matter.

5. JUDGMENT—COURTS—CONTRACTS—PROCEDURAL RULES—SUBSTANTIVE LAW—CONFLICTS OF LAW.

   Generally, procedural matters are governed by the law of the forum where the action is instituted; accordingly, the forum court initially decides the place of contracting and applies the law of the locality of a contract to establish rights under the agreement, and where the forum applies its procedural rules

REFERENCES FOR POINTS IN HEADNOTES

[1, 3–5] 16 Am Jur 2d, Conflict of Laws §§ 49, 50.

58 Am Jur 2d, Notice §§ 26, 27.

[2–6] 20 Am Jur 2d, Courts §§ 139, 141.

Validity of contractual provision limiting place or court in which action may be brought. 56 ALR2d 300.

[4] 46 Am Jur 2d, Judgments §§ 421, 422.

[7] 20 Am Jur 2d, Courts § 12 *et seq.*

and substantive law in rendering judgment, such judgment should be recognized.

6. CONTRACTS—COURTS—JURISDICTION—VENUE.

Contracts negotiated between parties that limit to specified courts the venue of existing causes of action are valid.

7. COURTS—STATE COURTS—FEDERAL COURTS—CONFLICTS OF LAW.

Federal court decisions of the law of conflicts are not binding on state courts in a state court litigation; however, where no decision on a conflicts point has been issued by a state court, there is no prohibition against a state court adopting the reasoning of the Federal court.

Appeal from Kent, George R. Cook, J. Submitted November 5, 1976, at Grand Rapids. (Docket No. 27466.) Decided January 17, 1977.

Complaint by National Equipment Rental, Ltd., against C. Robert Miller and Elsie C. Miller, doing business as Sound Associates, to enforce a judgment rendered in a New York court. Plaintiff's motion for summary judgment was denied. Plaintiff appeals by leave granted. Reversed and remanded.

*DeGroot, Kalliel, Triant & Conklin, P. C. (by William J. Ewald),* for plaintiff.

*Daniel B. Hess,* for defendants.

Before: BRONSON, P. J., and J. H. GILLIS and V. J. BRENNAN, JJ.

PER CURIAM. Plaintiff appeals by leave granted April 21, 1976, from an order issued January 6, 1976, in the Kent County Circuit Court denying its motion for summary judgment. This case presents a question of first impression in the law of conflicts. Jurisdiction over the parties before the Michigan courts is not in issue. Defendants challenge plaintiff's claim to full faith and credit on a

judgment entered against them by a New York court that took jurisdiction of the action pursuant to language in the contract negotiated between plaintiff and defendants for certain recording equipment. This language specified that venue for all causes arising under the lease agreement and guarantee of payment would be in New York state. The New York court honored the service made upon defendants by certified mail.

Plaintiff instituted the present suit to enforce the New York judgment in Kent County Circuit Court on July 29, 1974. Defendants answered plaintiff's complaint by asserting that the New York court did not obtain lawful jurisdiction over them. A motion for summary judgment under GCR 1963, 117.2(2) and 117.2(3) was filed by plaintiff on grounds that (1) defendants had failed to state a valid defense to plaintiff's claim and that (2) no genuine issue of fact existed. Plaintiff also claimed a right to judgment as a matter of law by virtue of the full faith and credit clause of the Federal Constitution. During oral argument of the motion on August 8, 1975, defendants acknowledged that they had received copies of the summons and complaint by certified mail. At the conclusion of oral arguments, the trial judge requested briefs on the issue of summary judgment, which the parties duly submitted. On October 31, 1975, the trial court denied plaintiff's motion, stating that existing Federal law was not binding upon him in the present case. See *National Equipment Rental, Ltd v Szukhent,* 375 US 311; 84 S Ct 411; 11 L Ed 2d 354 (1964).

We are of the opinion that the New York court obtained valid jurisdiction over defendants. In this regard, plaintiff argues that § 32 of the second Restatement of Conflicts will completely resolve

the matter of jurisdiction in its favor. Restatement Conflict of Laws, 2d, § 32, p 135 and comment i. We do not read the section cited as dispositive of the jurisdictional question. Nevertheless, we do believe the method of service employed in the instant case is permissible by general principles of conflicts law. See Restatement Conflicts, § 75, p 111, and comments (allowing certified mail as a method of service "reasonably calculated" to give defendants knowledge of suit and an opportunity to have any defenses heard).

Since the basis for jurisdiction was by the contractual agreement of the parties, decisions from New York noted by defendants which concern that state's "long arm" statute are not relevant to this case. See generally *New England Laminates Co, Inc, v Murphy,* 79 Misc 2d 1025; 362 NYS2d 730, 733 (1974). We do not believe that defendants' actions in contracting in Michigan with a Tennessee vendor would bring them under New York's "long arm" statute. See 7B McKinney CPLR § 302 (1974). What we do recognize is that parties may expressly consent to jurisdiction and methods of process. *Gilbert v Burnstine,* 255 NY 348; 174 NE 706, 707–708 (1931). See Restatement Conflicts, § 81, p 121, Illustration 2. See also Restatement Conflicts, § 492, p 599 and comment b, and § 589, p 706.

The parties have pointed to no Michigan cases which have decided the question of recognition of foreign judgments rendered by certified mail notice. However, reversing the instant order denying summary judgment to plaintiff would not conflict with Michigan's basic position that a foreign judgment is conclusive if jurisdiction has been obtained over parties and the subject matter. See *Wagner v Rychwalski,* 310 Mich 399, 403–404; 17

NW.2d 229 (1945), *Bishop v Dodge,* 196 Mich 231, 238; 162 NW 1002 (1917), *Mutual Fire Insurance Co v Phoenix Furniture Co,* 108 Mich 170, 172; 66 NW 1095; 34 LRA 694; 62 Am St Rep 693 (1895).

Generally, Michigan recognizes that procedural matters are governed by the law of the forum where the action was instituted. See 5 Callaghan's Michigan Civil Jurisprudence, Conflict of Laws § 72, p 181. Accordingly, the forum court initially decides the place of contracting and applies the law of the locality of the contract to establish rights under the agreement. See 5 Callaghan's Michigan Civil Jurisprudence, Conflict of Laws § 19, p 133. As the forum, New York applied its procedural rules and substantive law in rendering the judgment against plaintiffs. The conflicts of law approach in Michigan directs recognition of this judgment.

Michigan long ago joined the majority of jurisdictions that view as valid agreements that limit to specified courts the venue of existing causes of action arising under contracts so negotiated between parties. *Grand Trunk Western R Co v Boyd,* 321 Mich 693; 33 NW2d 120 (1948), *rev'd on other grounds,* 338 US 263; 70 S Ct 26; 94 L Ed 55 (1949), *Garavaglia v Department of Revenue,* 338 Mich 467; 61 NW2d 612 (1953), cited in 56 ALR2d 300, § 8. Likewise, judgments confessed in foreign jurisdictions pursuant to contract clauses have been given full faith and credit, and warrants of attorney have been recognized as conferring necessary jurisdiction on foreign courts. *Ohio v Eubank,* 295 Mich 230; 294 NW 166 (1940).

In the present case, defendants bear the burden in attacking the certified mail service as against New York law. *California v Max Larsen, Inc,* 31 Mich App 594, 597; 187 NW2d 911 (1971), *Delph v*

*Smith,* 354 Mich 12, 16–17; 91 NW2d 854 (1958). Their argument that Michigan's prescribed policy favors personal service does not change or meet that burden.

We agree with the trial judge that Federal court decisions in the law of conflicts are not binding in this state court litigation. These Federal court decisions are not binding on state courts. However, where no decision on the point has been issued by a state court, there is no prohibition against a state court adopting the reasoning of the Federal court. Under the facts of this case we feel the reasoning of *National Equipment* in disposing of this question was the proper reasoning. See *National Equipment Rental, Ltd v Szukhent, supra.* The Federal courts are a separate jurisdiction, just as the states are from each other. When conflicts of law are presented in diversity suits, the Federal court will apply the conflicts rules of the state in which the court is located. *Maki v George R Cooke Co,* 124 F2d 663, 664–665 (CA 6, 1942). In Federal suits to enforce a state judgment, determinations made by the state court are with some exception entitled to full faith and credit. *Thornell v Chesapeake & O R Co,* 166 F Supp 61, 66 (WD Mich, 1958).

Consequently, we choose to use *National Equipment* to resolve the facts of this action. We disagree with the contrary finding of the trial court for two reasons. First, we have already stated that Michigan law and policy simply do not require personal service in conflicts of law cases. Second, the principal fact that the trial judge felt distinguished *National Equipment* from the present case —that is, the existence of an appointed agent, we do not believe significant enough to justify denying full faith and credit here. The agent in *National*

*Equipment* mailed notice to the lessees. In the present case, defendants received notice by certified mail, as agreed upon in the lease and guarantee of payment. We perceive no more reason to find a denial of due process here than in *National Equipment.* Therefore, we reverse the trial court.

Although summary judgment should be entered for plaintiff, the trial court should determine whether the affirmative commercial contract defenses raised by defendants entitle them to a setoff against the New York judgment.

Reversed and remanded for proceedings in conformity with this opinion.