ISMAEL BERRIOS *vs.* LILYAN PERCHIK. June 13, 1985. *Practice, Civil,* Summary judgment. *Notice. Judgment,* Default. *Jurisdiction,* Long-arm statute. *Incompetent Person,* Judgment against.

We conclude that the Superior Court's grant of summary judgment in favor of the plaintiff Ismael Berrios in his action to enforce a Connecticut default judgment for monetary damages was premature. Accordingly, we reverse the judgment, leaving the case to stand for further proceedings.

The undisputed facts relevant to the rule 56 motion are these. The original action arose out of a July, 1977, automobile accident in Connecticut which involved an automobile driven by the defendant, a Massachusetts resident, and an automobile in which the plaintiff Berrios was a passenger. On or about August 30, 1977, Berrios commenced an action in the Superior Court of Fairfield County, Connecticut, seeking money damages for personal injuries allegedly sustained in the accident. On or about September 1, 1977, the defendant was served with process in conformity with Connecticut General Statutes § 52-62 (1977), by a deputy sheriff of Hartford County, Connecticut. Approximately two years later, on or about August 30, 1979, the defendant defaulted by failing to file an appearance in the Connecticut action. A judgment was subsequently entered against her in the Connecticut Superior Court, in favor of Berrios, in the sum of $60,209.60. In December, 1979, Berrios brought the present action in our Superior Court to enforce the Connecticut judgment. In June, 1980, Berrios moved for summary judgment. In November, 1980, his rule 56 motion was allowed, and, in September, 1983, final judgment was entered for Berrios.

In a motion for summary judgment the burden is on the moving party to show that there is no genuine issue of fact as to any relevant issue raised in the pleadings. *Attorney Gen.* v. *Bailey*, 386 Mass. 367, 371 (1982). This is so even though the moving party would have no burden were the case to go to trial. *Ibid.* Until that burden is satisfied the opposing party is not obliged to present materials in opposition to the motion. See *Davidson Pipe Supply Co.* v. *Johnson*, 14 Mass. App. Ct. 518, 524 (1982); *Foley* v. *Matulewicz*, 17 Mass. App. Ct. 1004, 1006 (1984); 6 Moore's Federal Practice par. 56.23, at 56-1390 (2d ed. 1985). In this case there are three issues raised by the pleadings which have been pursued by the defendant

on appeal: (1) whether the Connecticut court acquired jurisdiction over the defendant, (2) whether the defendant received adequate notice of the damages portion of the Connecticut proceedings, and (3) whether the defendant's claim of incompetency requires further inquiry. We conclude that Berrios has failed to meet the burden imposed on him as the moving party with respect to the latter two issues.

1. *Jurisdiction.* There is no doubt that the Connecticut court obtained jurisdiction over the defendant by means of one of its long-arm statutes, Conn. Gen. St. § 52-62 (1977). That statute, the validity of which has been upheld by the Connecticut Supreme Court, see *Hartley* v. *Vitiello*, 113 Conn. 74, 80 (1931), provides for substitute service upon nonresidents in an action for negligent operation of a motor vehicle. It states that "[s]uch process shall be served by the officer to whom the same is directed upon the commissioner of motor vehicles by leaving with or at the office of said commissioner, at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant or his administrator, executor or other legal representative, by registered or certified mail, postage prepaid, a like true and attested copy with an endorsement thereon of the service upon said commissioner, addressed to such defendant or representative at his last-known address." The affidavit of Connecticut counsel for Berrios, establishing that the defendant was properly served in accordance with the terms of this statute, is sufficient to sustain the plaintiff's burden in his motion for summary judgment, and to require that the defendant file an opposing affidavit contesting service. No counteraffidavit was filed. The defendant's argument that in cases involving application of the statute the actual documents relating to service must appear in the record, and her citation of Connecticut cases to that effect, do not aid her. These cases deal only with requirements on an original action under the statute, not with collateral enforcement of a judgment based upon substitute service.[1] See *Carter* v. *Carter*, 147 Conn. 238 (1960); *Trichilo* v. *Trichilo*, 190 Conn. 774 (1983).

2. *Notice.* Under Connecticut law, after a default judgment has been entered against a party in a tort action, a second hearing must be held to determine damages. See *United Natl. Indem. Co.* v. *Zullo*, 143 Conn. 124, 130 (1956); *DeBlasio* v. *Aetna Life & Cas. Co.*, 186 Conn. 398, 401 (1982); 1 Moller & Horton, Connecticut Practice § 365 and comment (2d ed. 1979). This hearing is in the nature of a supplemental trial on all relevant issues, see *New York N.H. & H.R.R.* v. *Hungerford*, 75 Conn. 76, 78-79 (1902); *DeBlasio, supra* at 401, and it must be held, with exceptions not here material, separately from, and after, the default. See *Lundborg* v. *Salvatore*, 148 Conn. 435, 438-439 (1961); 1 Moller & Horton, *supra*,

---

[1] In any event, copies of the documents used to effectuate service on the defendant under Conn. Gen. St. § 52-62, have been reproduced, by leave of a single justice, in Berrios' supplemental appendix. The documents appear adequate for the acquisition of jurisdiction over the defendant in Connecticut.

§ 367; compare *New England Floor Covering Co.* v. *Architectural Interiors, Inc.*, 159 Conn. 352 (1970). Notice must be given to the defendant in order to give the defendant time to prepare for the damages trial. See *Bonner* v. *American Fin. Mktg. Corp.*, 181 Conn. 57, 58 (1980); 1 Moller & Horton, *supra*, §§ 367-369.

These principles have application here. A foreign judgment is always open to collateral attack on the ground that due process notice requirements have not been satisfied. As was stated by the Supreme Judicial Court in the context of an action to enforce a foreign judgment, a defendant is required to be given "notice of each new step in [a] proceeding which might substantially affect his interests." *Kesler* v. *Prichard*, 362 Mass. 132, 135 (1972). See also *Griffin* v. *Griffin*, 327 U.S. 220, 229 (1946); Restatement (Second) of Judgments § 81 (1982); Restatement (Second) of Conflict of Laws §§ 25-26 comment f (1971). The damages hearing is an important new step in Connecticut motor vehicle tort proceedings. It has been characterized by Connecticut courts as a "supplemental trial" for which notice is required so that a defendant can dispute damages. The hearing would determine the extent to which Berrios recovers damages in his action and the defendant has an important interest in it. We think, in light of the *Kesler* decision and the affidavit filed by Berrios in connection with his motion for summary judgment (which does not show that notice of the damages hearing was given to the defendant, or indeed that a second and separate hearing was ever held on the question of damages), that Berrios has not met the burden imposed on him on this issue.[2]

3. *Incompetency.* The defendant's answer raises the issue that the Connecticut judgment is possibly void, and therefore not entitled to full faith and credit, because of her incompetency. There is virtually no Massachusetts law on this question. See *Taylor* v. *Lovering*, 171 Mass. 303, 306 (1898), stating that "[a]n insane defendant ought not to be defaulted for want of an appearance and answer to the suit." The Restatement (Second) of Judgments addresses the question and states that a foreign default judgment can be denied collateral enforcement on the basis of the defendant's incompetency in certain very limited circumstances. We think the issue of incompetency should be further explored in the Superior Court before any summary judgment is entered, the burden being on Berrios to establish that the defendant suffered no incompetency sufficient to render the Connecticut judgment void or voidable. Such further inquiry is to be guided by the principles set

---

[2] In *Shapiro Equip. Corp.* v. *Morris & Son Constr.*, 369 Mass. 968 (1976), relied upon by Berrios, the issue of notice in connection with the assessment of damages on a default judgment in a contract case was not discussed. The issue may not have been raised by the defendant in that case, or the case may have involved an exception to the Connecticut rule requiring a separate hearing on damages, such as a case involving liquidated damages. See Moller and Horton, *supra* §§ 355-362 and § 364. We do not view the *Shapiro* decision as controlling this case.

forth in Restatement (Second) of Judgments § 68(4) and comment d, § 74(1) and comment e (with particular attention to the language in comment e concerning time periods imposed by applicable statutes), and § 82.[3]

The judgment is reversed and the case is to stand for further proceedings in the Superior Court.

*So ordered.*

*Jerry E. Benezra* for the defendant.
*Alan I. Margolies* for the plaintiff.

---

[3] We do not mean to imply on the issues of notice or incompetency that foreign judgment like this one can easily be denied enforcement but we must approach the case under summary judgment standards. It is obviously within Berrios' power to establish by affidavit whether the notice requirement was satisfied before damages were assessed. It is likely also that the issue of incompetency can be put to rest by a brief amount of discovery aimed specifically at that particular issue. On the present state of the record, however, we think there must be further inquiry on both the notice and incompetency issues.

