Banks, J.
This is an action by the plaintiff, a Michigan corporation, to enforce a $62,131.27 default judgment entered against the defendants by the Sixth Judicial Circuit Court of the State of Michigan.
Defendant Decot Bros., Inc., a Massachusetts corporation, failed to make payments under a written equipment lease executed with the plaintiff. Defendant Brian Decot, President of Decot Bros., Inc., signed a personal guaranty of the corporation’s payment and performance under the lease.
The defendants answered in the present action by way of affirmative defense that the Michigan court lacked jurisdiction over them, and that its judgment was thus void and unenforceable.
The plaintiff filed a Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summary judgment supported by documentation of the Michigan action, including copies of: (a) the Michigan complaint; (b) a certificate of service on the defendants; (c) two return receipts showing service upon Summons Services, Michigan service agent for each defendant; (d) the agent’s acknowledgment of service and notice of service to the defendants and (e) the Michigan default judgment The plaintiff also submitted the affidavit ofCharlaRusche, plaintiffs attorney of record in the Michigan action. Rusche averred that service of the Michigan summons and complaint by certified mail, return receipt requested, directed to the defendants’ Massachusetts addresses was initially attempted, but that the defendants refused to accept the certified mail. Service was ultimately effected pursuant to Michigan Court Rulé 2.105(h) and Paragraph 17 ofthe parties’ lease agreement by forwarding copies of the summons and complaint by certified mail, return receipt requested to Summons Services, the Michigan agent authorized by the defendants’ contractual appointment to receive, service for them. The agent accepted service on behalf of the defendants and forwarded the summons and complaint to them in Massachusetts.
The defendants did not file a Rule 56 counter-affidavit or any other written opposition to the plaintiffs summary judgment motion.
The trial court denied the plaintiffs Rule 56 motion, but voluntarily reported the interlocutory ruling to this Division for immediate review. G.L.C. 231, §108; Dist./ Mun. Cts. R. Civ. P., Rule 64 (d) .[2]
*178 1. By constitutional mandate and statutory directive, foreign judgments are generally entitled to full faith and credit in the courts of this Commonwealth. See generally, Cavanagh v. Cavanagh, 396 Mass. 836, 839 (1986). The defendants filed no appearance in the Michigan action, and are restricted in this proceeding to contesting the single issue of whether the Michigan court had personal jurisdiction over them. Shapiro Equip, Corp. v. Morris & Son Constr. Corp., 369 Mass. 968, 969 (1976).
The initial burden was on the plaintiff to establish that the foreign court properly exercised jurisdiction over the defendants. LFC Lessors, Inc. v. Pearson, 538 F. Supp. 1362, 1363 (D.Mass. 1984). Accepting as true the uncontradicted averments of the plaintiffs Rule 56 affidavit, U.S. Fidelity & Guar. Co. v. NJB Prime Investors, 6 Mass. App. Ct. 455, 456 n.3 (1978), itwould appear that the defendants defaulted in payments under an equipment lease deemed executed in Michigan pursuant to a “forum selection clause” set forth as Paragraph 16[3] of the parties’ lease; that the plaintiff thereafter sued for breach of contract in Michigan pursuant to the same Paragraph 16; and that the defendants were properly served in the Michigan action through service upon their resident agent in Michigan appointed by them under Paragraph 17[4] of the agreement. These allegations were sufficient to shift to the defendants the burden of proving an improper exercise of jurisdiction by the Michigan court. Shapiro Equip. Corp. v. Morris & Son Constr. Corp., supra at 969.
The parties concur that the only possible basis for a proper exercise of personal jurisdiction by the Michigan court was the parties’ choice of forum executed as Paragraph 16 of the equipment lease. Questions of long-arm statutoryjurisdiction and due process considerations of the defendants’ minimum contacts with the State of Michigan are thus not here relevant See National Equip. Rental Ltd. v. Miller, 73 Mich. App. 421, 251 N.W.2d 611 (1977).
2. The defendants’primary argumentfor a lack of jurisdiction in the Michigan court and the resulting unenforceability of the Michigan judgment in the courts of this state is that Massachusetts does not recognize the validity of forum selection clauses. The defendants mistakenly rely on the seminal case of Nute v. Hamilton Mutual Ins. Co., 72 Mass. 174 (1856) for the erroneous proposition that forum selection clauses are deemed invalid and unenforceable for all purposes in Massachusetts. Nute is, however, inapposite. That case and its progeny stand for the proposition that a forum selection clause entailing contractual consent to the jurisdiction of any other court will not be enforced by a Massachusetts court which itself has competent jurisdiction and chooses to exercise the same. Pursuant to Nute, such clauses have been held not to compel initial action in the other court, or to require the dismissal or transfer of an action commenced in the courts of the Commonwealth.
*179 Unlike Nute, the present case is not an initial action commenced in Massachusetts in which the parties seek a determination of rights or the granting of relief by a Massachusetts court of competent jurisdiction. No question is raised as to whether a Massachusetts court should, pursuant to Nute, invalidate the parties’ forum selection clause and proceed to entertain the action. The Michigan court has already conclusively resolved the parties’ controversy and the plaintiffs suit is to enforce the final judgment of the Michigan court With respect to such foreign judgment, th eNute rule
does not empower the courts of this Commonwealth, because of our policy, to refuse full faith and credit according to the Constitution of the United States to the judgments of other States which are valid under the laws of those States. It is not uncommon for a judgment to be rendered in one State on grounds or in a manner which would be rejected in another State. The Constitution of the United States cannot in general be trimmed to suit the differing views of policies entertained in different States.
McDade v. Moynihan, 330 Mass. 437, 442 (1953) (Pennsylvaniajudgment by confession entitled to full faith and credit despite G.Lc. 231, §13A which renders void all judgments by confession in Massachusetts). Simply stated, the propriety of the Michigan court’s exercise of personal jurisdiction over the defendants based on their contractual consent to such jurisdiction in an action commenced and finally adjudicated in Michigan is not affected by a Massachusetts policy governing forum selection clauses in actions commenced in this state.
3. Forum selection clauses are generally recognized as valid and enforceable in Michigan. See, e.g., Potomac Leasing Co. v. The French Connection Shops, 172 Mich.App. 108, 431 N.W.2d 214 (1988). The defendants herein effectively consented to the Michigan court’s exercise of personal jurisdiction over them. Proper constructive service was made upon the defendants in a manner agreed to by them, and a copy of the summons and complaint were forwarded to them. There is no question herein of any due process violations of the defendants’ right to notice and an opportunity to be heard in the Michigan proceeding.
4. Accordingly, the judgment of the Sixth Judicial Circuit Court of the State of Michigan against the defendants is entitled to recognition and enforcement under the Full Faith and Credit Clause of Art. 4, §1 of the United States Constitution. See generally, Wright Machine Corp. v. Seaman-Andwall Corp., 364 Mass. 683, 689 (1974).
The denial of the plaintiffs Dist/Mun. Cts. R. Civ. P., Rule 56 motion is hereby reversed. Summary judgment is to be entered for the plaintiff. So ordered.

 The courts Rule 64 (d) report of this interlocutory ruling contains the requisite certification that the ruling “so affects the merits of the controversy that it ought, injustice, to be determined by the Appellate Division before further proceedings are had.”

 Paragraph 16 states: “CONSENT TO MICHIGAN LAW, JURISDICTION, VENUE AND NON-JURYTRIAL: Lessee and any guarantor consent, agree and stipulate that: (a) this Lease shall be deemed fully executed and performed in the State of Michigan, and shall be governed by and construed in accordance with the laws thereof; and (b) in any action, proceedings, or appeal on any matter related to or arising out of this lease, the Lessor, Lessee and any guarantor: 1. SHALL BE SUBJECT TO THE PERSONAL JURISDICTION OF THE STATE OF MICHIGAN, including any state or federal court sitting therein and all court rules thereof; 2. SHALL ACCEPT VENUE IN ANY FEDERAL OR STATE COURT IN MICHI GAN: and 3. EXPRESSLY WAIVE ANY RIGHT TO A TRIAL BY JURY so that trial shall be by and only to the court”

 Paragraph 17 states: “CONSENT TO SERVICE OF PROCESS. Lessee and any Guarantor(s) agree that any process served for any action or proceeding shall be valid if mailed by certified mail, return receipt requested with delivery restricted to either the addressee, as registered agent, or any agent appointed in writing to accept such process. Lessee and any Guarantor(s) accordingly hereby expressly appoint Summons Services, or a successor, in Michigan as THEIR AGENT TO ACCEPT SERVICE of such process in connection with this Lease.”