Merrick, J.
This is an action by plaintiff Orix Credit Alliance, Inc., a New York corporation, to enforce two default judgments in the total amount of $12,520.82 which were entered against the defendant by the Supreme Court of New York, County of New York.
The plaintiff, a finance lessor of business equipment, instituted suit in New York to recover for the defendant’s breach of a written lease of a facsimile machine. Jurisdiction in the New York court was based on a forum selection clause in the equipment lease.[2]
The defendant answered in the present action that the New York court did not have jurisdiction, and that the lease was void because of fraud in the inducement.[3]
The plaintiff filed a Dist./Mun. Cts. R. Civ. R, Rule 56 motion for summary judgment, supported by attested records of the New York judgments and an affidavit of service on the defendant in the New York proceedings. In opposition to the plaintiff’s Rule 56 motion, the defendant submitted the affidavit of an employee, Patricia LeGallo, which recites in its entirety:
1.1 was the bookkeeper of National Butchers, a corner grocery store located in Gloucester. I discussed the contract with John LeGallo at the time and have personal knowledge of the circumstances involved in this lawsuit.
2. In 1990 a representative of Public FAX International came to the store and convinced the Defendant, John LeGallo, to install a Public facsimile machine in the store.
3. John LeGallo was told by the representative that if the service did *132 not work out, he could have the machine removed with no further obligation.
4. It is my understanding that at all times John LeGallo believed that he was dealing with Public FAX International and had no idea that he was entering into a contract with Orix Credit Alliance, Inc.
5. To the best of my knowledge, John LeGallo was not told and did not understand that by signing the Equipment Lease Agreement he was giving up my [sic] right to have any disputes about the lease resolved in the courts of Massachusetts and agreeing that he could be sued in the State of New York.
6. When he was served with the papers in the lawsuit in New York, he was [sic] could not afford to hire an attorney in New York and was unable to travel to New York to represent himself.
The trial court allowed the plaintiffs summary judgment motion, after hearing, and the defendant now appeals said ruling.
1. Although a foreign money judgment is generally entitled to full faith and credit in the courts of this Commonwealth, Cavanagh v. Cavanagh, 396 Mass. 836, 839 (1986); First Nat'l Bk. of Houma v. Bailey, 29 Mass. App. Ct. 193, 197 (1990), a defendant may properly seek to avoid Massachusetts enforcement of a foreign judgment by demonstrating that the issuing court lacked jurisdiction. Bowditch v. Bowditch, 314 Mass. 410, 414 (1943); Quinn v. Quinn, 5 Mass. App. Ct. 794 (1977). Where, as in the instant case, the defendant filed no appearance in the foreign action, he was indeed restricted in this proceeding to litigating the single issue of whether the Supreme Court of New York properly acquired and exercised jurisdiction over him. Shapiro Equip. Corp. v. Morris & Son Construc. Corp., 369 Mass. 968, 969 (1976).
The plaintiff satisfied its initial burden of proving that the New York court had jurisdiction, Leasefirst v. Decot Bros., Inc., supra at 178, by submitting: (1) the equipment lease agreement, signed by the defendant, which contained the forum selection clause by which the parties consented to jurisdiction in the courts of New York; (2) an affidavit reciting service on the New York resident agent of the defendant, appointed by him pursuant to the forum selection clause, and the forwarding of copies to the defendant in Massachusetts; and (3) certified records of the New York court that the defendant was served and failed to appear, and that default judgments were duly entered against him. See Portland Me. Pub. Co. v. Eastern Tractors Co., 289 Mass. 13,16-17 (1935) (prima facie effect of certified judicial records showing service). The plaintiffs Rule 56 materials were sufficient to shift to the defendant the burden of demonstrating an improper exercise of jurisdiction by the New York court.
2. The defendant clearly failed to satisfy such burden. First, the affidavit of the defendant’s bookkeeper, which served as the only summary judgment opposition marshaled by the defendant, utterly failed to comply with the mandate of Dist./ Mun. Cts. R. Civ. E, Rule 56(e) that affidavits
shall be made upon personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.
The affidavit in question is instead replete not only with hearsay, but also with statements qualified by the affiant as made only to “the best of [her] knowledge” or upon her “understanding” as to what the defendant believed or understood about the equipment lease.
Hearsay in an affidavit is unacceptable to defeat summary judgment... *133 The rationale for requiring admissible evidence in affidavits is to ensure that ‘trial would not be futile on account of lack of competent evidence.’... ‘Conclusory statements, general denials, and factual allegations not based on personal knowledge are insufficient to avoid summary judgment.’ ... ‘AH affidavits or portions there of made on information and belief, as opposed to personal knowledge, are to be disregarded in considering a motion for summary judgment.’ [Citations omitted].
Madsen v. Erwin, 395 Mass. 715, 721 (1985). See also, Botschafter v. Federal Deposit Ins. Corp., 33 Mass. App. Ct. 595, 596 (1992). Virtually the entire affidavit submitted by the defendant could have been disregarded by the trial judge.
3. Second, even if the trial judge considered the affidavit, as he could have in the absence of a motion by the plaintiff to strike it Jackson v. Action for Boston Community Develop., Inc., 403 Mass. 8, 12 n. 2 (1988); Madsen v. Erwin, supra at 721; Fowles v. Lingos, 30 Mass. App. Ct. 439-440 (1991), the “facts” set forth therein were insufficient to defeat the plaintiff’s summary judgment motion.
The defendant contends that the jurisdiction exercised by the New York court pursuant to the lease’s forum selection clause was invalid because fraud in the inducement rendered the lease and its forum selection clause voidable. Even assuming arguendo that full faith and credit would be denied to a sister state judgment because of the alleged voidability of a lease and forum selection clause which the defendant had never actually rescinded, there is nothing in the defendant’s affidavit which bespeaks fraud, or which raises any material issue as to the void-ability of the lease. The written lease expressly, unequivocally and prominently identified Public FAX International as the equipment “supplier,” and the plaintiff as the finance “lessor.” Equally prominent and unambiguous is the lease forum selection clause by which the parties consented to the jurisdiction of the New York courts. There is nothing fraudulent in failing to give additional, verbal notice of clear contract provisions which have been reduced to writing and submitted to a party for his review and signature. In the absence of fraud, a party remains bound by the terms of any contract he has signed, whether he has read and understood it or not. Spritz v. Lishner, 355 Mass. 162, 164 (1969); Markell v. Sidney B. Pfeifer Foundation, Inc., 9 Mass. App. Ct. 412, 440 (1980). A party’s unilateral misunderstanding as to the contents of a written contract, which is not communicated to the other party, will not ordinarily relieve him of its consequences. First Safety Fund Nat’l Bank v. Friel, 23 Mass. App. Ct. 583, 588 (1987); Covich v. Chambers, 8 Mass. App. Ct. 740, 750 (1979).
4. There was no error in the trial court’s allowance of the plaintiff’s motion for summary judgment. Said judgment is hereby affirmed, and the report is dismissed.
So ordered.

he defendant properly abandoned the assertion he made in the trial court that the case of Nute v. Hamilton Ins. Co., 72 Mass. 174 (1856), bars the enforcement of a foreign judgment when the jurisdiction of the foreign tribunal was based on a contractual forum selection clause. See Leasefirst v. Decot Bros., Inc., 1990 Mass. App. Div. 177.

 A contract induced by fraudulent misrepresentations is voidable, not void. Shaw’s Supermarkets, Inc. v. Delgiacco, 410 Mass. 840, 842 (1991); Bogosian v. New York Life Ins. Co., 315 Mass. 375, 380 (1944). The defendant has failed to allege or aver that he made any proper effort to void or rescind the equipment lease. See generally, Cherry v. Crispin, 346 Mass. 89, 92-93 (1963); McGrath v. C. T. Sherer Co., 291 Mass. 35, 58-59 (1935).