Merrick, J.
This is an action by plaintiffs John and Steven S. Kaitz (“the Trustees”) on a promissory note (“the Note”) executed by defendants Philip and Susan R. Pergola (“the Pergolas”). Pursuant to Dist./Mun. Cts. R. A D. A, Rule 8A the Trustees have appealed the allowance of summary judgment in favor of the Pergolas on the parties’ cross-motions for summary judgment.
In January, 1988, the Pergolas purchased a residence from one Gesner in exchange for their Note and a mortgage on the property securing the Note. In July, 1989, Gesner assigned the Note and mortgage to the Trustees to secure a debt Gesner owed to National Lumber Company which was controlled by the Trustees. In January, 1991, the Trustees notified the Pergolas to make payments directly to the Trustees. The Pergolas thereafter defaulted on the Note payments.
In July, 1992, the Trustees foreclosed on the mortgage, but a substantial deficiency in the amount due on the Note remained. On December 1,1992, the Trustees endorsed the original Note just below the Pergolas’ signature with the words “PAY TO THE ORDER OF BAYBANK, WITH RECOURSE.” The Note was then delivered to BayBank along with other obligations to secure National Lumber Company’s indebtedness to BayBank.
On September 7,1993, the Trustees commenced this action to recover the deficiency on the Note. Attached to their complaint was a copy of the Note which did not include or reflect the assignment to BayBank. The action then laid fallow for two years until the Pergolas discovered the assignment to BayBank. On April 10, 1996, the Pergolas filed motions for summary judgment and for judgment as a sanction for fraud upon the court for the Trustees’ use of the misleadingly incomplete copy of the Note in the complaint.
On April 17, 1996, the Trustees responded with a cross-motion for summary judgment. Attached thereto were copies of a March 1,1996 assignment of the Note “without recourse” by BayBank back to the Trustees and a second assignment, dated April 2, 1996, from the Trustees to National Lumber Company.[3] Aso attached was the affidavit of Trustee Steven S. Kaitz who was also the President of National Lumber Co. Kaitz averred that in July, .1994, BayBank and National Lum *30 ber renegotiated their loan arrangements and agreed that BayBank would reassign and transfer the obligations in its possession, including the Note, back to National Lumber. The affidavit further recited:
In specific regard to the Pergolas’ Note, at the request of National and/ or the Trust, Bay Bank was fully aware and authorized the initiation of the present action. It was clearly understood on Bay Bank’s part that it had assigned and transferred the Pergola Note to National and/or the Trust even though it may not have physically transferred the Note to National and the Trust’s Counsel and memorialized the transfer in writing until recently.
1. The Trustees were not entitled in their own affidavit to assert the intentions of BayBank.
The rationale for requiring admissible evidence in affidavits is to ensure that ‘trial would not be futile on account of lack of competent evidence.’ ... ‘Conclusory statements, general denials, and factual allegations not based on personal knowledge are insufficient to avoid summary judgment.’... ‘All affidavits or portions thereof made on information and belief, as opposed to personal knowledge, are to he disregarded in considering a motion for summary judgment.’(Citations omitted).
Madsen v. Erwin, 395 Mass. 715, 721 (1985). See also Graham v. Quincy Food Serv. Employ. Assoc., 407 Mass. 601, 610 n. 4 (1990); Orix Credit Alliance, Inc. v. LeGallo, 1994 Mass. App. Div. 131, 133. Since the Pergolas did not move to strike the offending portion of the affidavit, the judge could have relied upon it in her discretion. Stetson v. Selectmen of Carlisle, 369 Mass. 755, 763 n. 12 (1976); Baptiste v. Sheriff of Bristol County, 35 Mass. App. Ct. 119, 126 (1993). We may assume that she did not. Yovino v. Fish, 27 Mass. App. Ct. 442, 445 (1989).
2. In any event, even assuming that BayBank’s intentions after the 1994 renego-tiations were correctly stated in the Trustees’ affidavit, it is conceded that Bay-Bank was the holder of the Note[4] when this action was filed in September, 1993. “It is elementary that an action at law may not be maintained if. at the time of its commencement the plaintiff does not have a right or action, or a complete cause thereof [emphasis supplied].” Brito v. Liberty Mutual Ins. Co., 1996 Mass. App. Div. 63, 66, citing Webster Thomas Co. v. Commonwealth, 336 Mass. 130, 137 (1957). “Actual injury and not anticipated injury is the ground of legal recovery.” Whitney v. Whitney, 316 Mass. 367, 368 (1944). At the time the Trustees commenced this action, they were neither holders, nor even transferees, of the Note and had no right to maintain a suit upon it.
Accordingly, summary judgment for the defendants is affirmed. Appeal dismissed.

 The Trustees also filed on April 17, 1996 a motion to add National Lumber Company as party plaintiff and to “drop” themselves as plaintiffs. The trial court allowed the addition of National Lumber Company, but denied the remainder of the Trustees’ motion.

 The motions under review are for summary judgment and not for failure to prosecute in the name of the real party in interest under Mass. R. Civ. R, Rule 17. Moreover, no effort was ever made to substitute BayBank as a party and BayBank no longer has any interest in the Note.