DANCA CORPORATION *vs.* RAYTHEON COMPANY & others. No. 88-P-993. February 26, 1990. *Practice, Civil*, Complaint. *Judgment*, Default. *Contract*, Surety.

The plaintiff, a subcontractor, brought this action against a general contractor, Wolff & Munier of New England, Inc. (Wolff); the owner of the building (Raytheon Company); and the general contractor's surety, Insurance Company of North America (INA), for materials supplied and labor performed. The complaint requested recovery on an account annexed and also alleged breach of contract, quantum meruit, and violation of G. L. c. 93A, §§ 9, 11. Although Wolff and Raytheon filed answers, INA failed to file a responsive pleading and suffered a default. After an assessment of damages hearing (at which INA also did not appear), a Superior Court judge ordered that the plaintiff recover from the surety $311,502 with twelve percent interest from the date of filing suit and entered a final judgment against INA pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974).[1] There has been no trial on the merits. The sole issue on appeal is

---

[1]We note in passing that the judge "did not follow the desirable practice of stating the reasons for his certification that there is no just reason for

raised by INA: whether the judgment was different in kind or exceeded the amount prayed for in the "demand for judgment." Mass.R.Civ.P. 54(c), 365 Mass. 821 (1974).

INA figures only in Count II of the complaint, in which the subcontractor requests:

> "1. That the debt of the [contractor] to the [subcontractor] be established to be in the sum of $324,318.18 plus interest from . . . the date of the notice.
>
> "2. That it be established that the [subcontractor] is entitled to the benefit and protection of the bond executed by the [contractor] as principal and [INA] as surety.
>
> "3. That it be established that since the [contractor] has failed and neglected to make the payments due to the [subcontractor], the [contractor] be ordered to pay to the [subcontractor] the said sum [as above].
>
> "4. That in the event the [contractor] shall fail to pay to the [subcontractor] the balance due as aforementioned, [INA] be ordered to pay the [subcontractor] the said sum or such part thereof as remains unpaid."

"Upon default under Mass.R.Civ.P. 55(b), 365 Mass. 822 (1974), the factual allegations of a complaint are accepted as true for purposes of establishing liability." *Multi Technology, Inc.* v. *Mitchell Mgmt. Syss.*, 25 Mass. App. Ct. 333, 334-335 (1988). See also *Productora e Importadora de Papel, S.A. de C.V.* v. *Fleming*, 376 Mass. 826, 833 (1978); 10 Wright, Kane, & Miller, Federal Practice and Procedure § 2688 (1983). Fairly read, we think the complaint requests damages from INA "in the event" it is "established that the [contractor has] failed and neglected to make the payments due" to the subcontractor. By failing to defend, INA has in effect admitted that it has no defenses to the surety agreement with the contractor and that it will pay any judgment against the contractor that remains unpaid by the contractor (up to the amount of the bond); INA has not admitted that it owes the subcontractor any sum independent of a judgment against the contractor. It follows that the default judgment should not carry with it any assessment of damages unless and until a debt to the subcontractor by the contractor has been established and goes unpaid. See Mass.R.Civ.P. 54(c).

The judgment entered on July 18, 1988, is vacated. A new judgment is to enter declaring that, in the event it is determined that Wolff is liable under a contract with Danca and such liability remains unpaid, then INA,

delay." *J.B.L. Constr. Co.* v. *Lincoln Homes Corp.*, 9 Mass. App. Ct. 250, 253 (1980).

as surety, shall be liable for the amount unpaid up to and including the amount of the bond (plus interest and costs).

*So ordered.*

*Francis J. Gallagher, Jr.,* for Insurance Company of North America.
*Sally A. Corwin* for the plaintiff.