FIRST NATIONAL BANK OF HOUMA *vs.* FRANK R. BAILEY, JR.

No. 89-P-409.

Dukes County. March 13, 1990. - September 5, 1990.

Present: BROWN, PERRETTA, & FINE, JJ.

*Constitutional Law*, Full faith and credit. *Practice, Civil*, Judgment, Execution, Summary judgment. *Comity.*

In an action brought in the Superior Court under G. L. c. 235, § 14 (*a*), seeking recognition and enforcement of a Louisiana money judgment, the judge correctly accorded the judgment the identical degree of credit that Louisiana had given it by recognizing the judgment; however, in circumstances where Louisiana had allowed the debtor to file a postjudgment motion alleging that the underlying debt had been extinguished, enforcement of the judgment in the Commonwealth was stayed pending a determination of the Louisiana court whether the judgment was discharged. [197-199]

CIVIL ACTION commenced in the Superior Court Department on June 17, 1987.

The case was heard by *Andrew G. Meyer, J.*, on a motion for summary judgment.

*Robert J. Barker, II*, for the defendant.
*Thomas N. O'Connor* for the plaintiff.

PERRETTA, J. This is an appeal by the defendant from a judgment entered under Mass.R.Civ.P. 56, 365 Mass. 864 (1974), on the plaintiff's complaint brought under G. L. c. 235, § 14(*a*),[1] seeking recognition and enforcement of a Louisiana money judgment. The defendant's materials submitted in opposition to the plaintiff's motion for summary

---

[1] As appearing in St. 1965, c. 328, subsection (*a*) reads: "If a judgment is rendered for the plaintiff by a court in an action founded on a judgment rendered by a court outside of the commonwealth, execution shall not issue until the plaintiff files with the court rendering the judgment in the later action a transcript of the record of the judgment in the earlier case under the seal of the court rendering it, attested by the clerk of such court."

judgment did not put in issue any material fact entitling him to a trial on the complaint. Those materials do show, however, that the defendant was allowed by the Louisiana court to file a postjudgment motion. That motion was pending in Louisiana at the time of the judge's allowance of the plaintiff's motion for summary judgment. The defendant argues that it was error to enter summary judgment against him because, if he prevails on his pending motion in Louisiana, the debt upon which the Louisiana judgment is based will be deemed discharged. We conclude that the Louisiana judgment is entitled to recognition but that enforcement of it should be postponed until the Louisiana court acts upon the defendant's motion. Therefore, as matter of deference to Louisiana, we affirm the judgment but stay its execution.

1. *The Louisiana judgment.* We learn from the plaintiff's complaint, exhibits, and affidavits that the Louisiana judgment is based upon the following facts. On August 18, 1983, and January 16, 1984, the Century Mineral Corporation (Century) gave its promissory notes to the plaintiff in the amounts of $925,000 and $300,000, respectively. The defendant gave his "continuing guaranty" for the payment of each of the notes. The identical provision is contained in each of the guaranties: "The Bank may, without notice to or consent of the undersigned, also apply all moneys received from the debtor and others, or from securities, as it may think best, without in any way being required to marshal securities or assets, and any such application of moneys shall not in any way alter, affect, limit or lessen the liability of the undersigned under this guaranty. The Bank shall not be bound to exhaust its recourse against the debtor or other persons or upon the securities it may hold before being entitled to payment from the undersigned of the amount hereby guaranteed." Compare *Danca Corp.* v. *Raytheon Co.*, 28 Mass. App. Ct. 942, 943 (1990).

When Century and the defendant failed to pay as promised and guaranteed, the notes were accelerated. The plaintiff brought an action on both the notes, and on January 16, 1987, obtained a partial final judgment against the defend-

ant, that is, a final judgment, on the second note, in the amount of $300,000, with interest. No appeal was taken from the judgment and, as represented at oral argument before us, so much of the Louisiana complaint as relates to the first note ($925,000) remains pending.[2]

2. *The Massachusetts complaint.* On June 17, 1987, the plaintiff brought this action on the partial final judgment rendered in Louisiana. The defendant answered and asserted defenses to his liability on the note which raised matters more properly put before the court in Louisiana. The plaintiff then filed, on April 22, 1988, its motion for summary judgment. The defendant responded to the motion on October 14, 1988, with an affidavit signed by his Louisiana counsel on September 20, 1988.

As alleged in that affidavit, Century executed a collateral mortgage and collateral mortgage note on August 18, 1983, the same date that appears on the first promissory note and continuing guaranty. The affiant stated that those two documents "constituted a mortgage upon certain mineral property . . . and constituted security for payment" of the two promissory notes.

As further alleged in the affidavit, there was a foreclosure sale of the mineral property on March 18, 1987, two months after the partial final judgment. The plaintiff purchased the property at the sale for $105,000.

We digress from the affidavit to explain the significance of the sale to the present dispute. "The jurisprudence on when failure to comply with the Louisiana Deficiency Judgment Act will extinguish the obligation of a surety is set forth in [*University Properties Corp.* v. *Fidelity Natl. Bank*, 500 So. 2d 888 (La. Ct. App. 1986)] . . . . In the instant case, there was a private sale of the encumbered property without appraisal and without the consent of the sureties herein. Under the jurisprudence, this action by the creditor has extin-

---

[2]Louisiana denied the plaintiff's motion for summary judgment on the first note because of the existence of a disputed material fact concerning the circumstances of the execution of the first continuing guaranty on that note.

guished the obligations of these two sureties." *City Natl. Bank* v. *Smith*, 504 So. 2d 892, 894-895 (La. Ct. App. 1987). See La.Rev.Stat.Ann. §§ 13:4106 and 13:4107 (West 1968 & Supp. 1990[3]).

Returning to the affidavit, we learn that the foreclosure sale prompted Louisiana counsel, on an undisclosed date, to amend the answer to the pending complaint on the first note ($925,000) in the Louisiana State court by asserting satisfaction and discharge under the Louisiana Deficiency Judgment Act. Some seven months after the foreclosure sale, counsel filed a complaint in the United States District Court for the Eastern District of Louisiana, seeking a determination that the partial final judgment be deemed satisfied and discharged. The Federal court dismissed the action "[a]s a matter of comity and in deference to the State court," as the complaint was based on the identical ground asserted in the defendant's amended answer to the pending action on the first note.

Next, Louisiana counsel was allowed to file in the Louisiana State court action an "Answer to Amending and Supplemental Petition and Counterclaim," claiming discharge and satisfaction of the partial final judgment. As of the time of the ruling on the plaintiff's motion for summary judgment in the Massachusetts Superior Court, October 14, 1988, as well as at oral argument before this court, Louisiana had not acted upon the defendant's claim of satisfaction and discharge of the two notes by reason of the foreclosure sale.[4]

Resolution of the claim appears to involve what may be questions of fact. As related in the affidavit of Louisiana counsel: ". . . I have employed a petroleum engineer as an

---

[3]Subsequent to the date of the foreclosure sale here in issue § 13:4106 was amended. The effect, if any, of the amendment on this case is a matter for the Louisiana State court to determine.

[4]Notions of comity and deference may have caused an impasse between Massachusetts and Louisiana. At oral argument, counsel were advised that they were to notify us should Louisiana act while this appeal was under consideration. There was intimation by counsel at that time that Louisiana might be delaying action to await our decision. In any event, we have not been advised whether Louisiana has ruled upon the defendant's claim.

expert. He has not yet written a report, but he has informed me that two of the three 'appraisals' (accomplished by designees of the Sheriff . . .) are not appraisals at all. He is still examining the third."

3. *Recognition of the Louisiana judgment.* In the absence of certain defenses directed at the validity of a final judgment of a sister State (see, e.g., *Quinn* v. *Quinn*, 5 Mass. App. Ct. 794 [1977]; *Berrios* v. *Perchik*, 20 Mass. App. Ct. 930, 931-932 [1985]), Massachusetts will recognize and enforce that judgment. See *Wright Mach. Corp.* v. *Seaman-Andwall Corp.*, 364 Mass. 683, 688-689 (1974). See also Restatement (Second) of Conflict of Laws § 100 (1971) ("A valid judgment for the payment of money rendered in a State of the United States will be enforced in a sister State, except as stated in §§ 103-121"). The defendant does not attack the validity of the judgment on any due process grounds. Rather, he claims that under Louisiana law the notes have been satisfied and that under § 116 of the Restatement (Second) of Conflict of Laws the partial final judgment should not be enforced. That section reads: "A judgment will not be enforced in other states if the judgment has been discharged by payment or otherwise under the local law of the state of rendition." As explained in comment b to § 116, the rationale of the rule is that a "judgment creditor will not be permitted to obtain greater relief than that to which he is entitled under the local law of the state where the judgment was rendered."

We know from the materials submitted on the plaintiff's motion for summary judgment that the partial final judgment has not been discharged or satisfied. All that the defendant has shown in attempting to preclude enforcement of the Louisiana judgment is that he has made a claim that the appraisals of the property are either defective or insufficient. Should he prevail on his claim, it appears that the debt on both promissory notes will be deemed extinguished. See *City Natl. Bank* v. *Smith*, 504 So.2d at 894-895.

No argument has been made by the defendant that his postjudgment assertion of discharge pending in Louisiana disturbs the finality of that judgment. There is support for

the proposition that the pending claim has no such effect. See Restatement (Second) of Judgments § 13, and comment f (1982). The plaintiff argues that as a practical matter the claim is irrelevant to Massachusetts enforcement for the following reason: Should we enforce the judgment and should Louisiana subsequently rule that the underlying debt is extinguished, the money recovered on enforcement of the judgment in Massachusetts either could be applied to the debt on the first promissory note ($925,000) or returned to the defendant.

We cannot accept the plaintiff's argument for two reasons. The affidavit of Louisiana counsel alleges that the property sold at foreclosure was security for *both* promissory notes. Should the defendant prevail in Louisiana, his debt on both the notes could be deemed extinguished. It follows, therefore, that there would be no other debt against which any money recovered in Massachusetts could be applied.

As for the plaintiff simply returning to the defendant any money recovered in Massachusetts should the debt be deemed extinguished in Lousiana, we think that solution facile rather than fair. The plaintiff's complaint states that the defendant has a "residence in North Tisbury, Martha's Vineyard." We do not suggest that the plaintiff's intentions are wrongful, but they are obvious.

There is much force to the plaintiff's argument that a judgment debtor should not be able to frustrate enforcement of a judgment of a sister State in another jurisdiction by an eleventh-hour attack on the judgment in the State in which it was rendered. However, Louisiana has allowed the defendant to assert the claim, the nature of which has not escaped our notice. Because the foreclosure sale did not occur until after the judgment, the claim could be raised only by a postjudgment motion. Whether the defendant acted in a timely fashion after the sale is a matter for Louisiana to decide without intrusion by Massachusetts.

In these circumstances, we think the appropriate action to take is to accord the Louisiana judgment the identical degree of credit that our sister State has given it. As held in *Roche*

v. *McDonald*, 275 U.S. 449, 451-452 (1928), and quoted in *Wright Mach. Corp.* v. *Seaman-Andwall Corp.*, 364 Mass. at 689: "[T]he judgment of a State court which had jurisdiction of the parties and the subject matter in suit, shall be given in the courts of every other State the same credit, validity and effect which it has in the State where it was rendered, and be equally conclusive upon the merits . . ." The judge, in allowing the plaintiff's motion for summary judgment, correctly recognized the Louisiana judgment, and the Superior Court judgment will be affirmed.

Enforcement of the judgment is another consideration, especially where, as here, it could have the effect of rendering moot a claim which Louisiana has allowed to be asserted. Recognition without enforcement of the judgment protects the interests of the parties and satisfies notions of deference and principles of res judicata. See Restatement (Second) of Conflict of Laws § 95, and comment c to § 116, *supra*: "When a judgment is rendered in one state upon the judgment of a court of another state, both judgments will remain in force until one of the judgments is discharged. As between States of the United States, payment, or other discharge, of one of these judgments under the local law of the State of its rendition will discharge the obligation of the other judgment."

Accordingly, the judgment is affirmed, and the matter is remanded to the Superior Court for entry of an order staying the issuance of any execution on the judgment until such time as Louisiana determines whether its judgment has been satisfied.

*So ordered.*