**BENTON LAND FUND, L.P., Plaintiff,**

v.

**NVMERCURE LIMITED PARTNERSHIP, et al., Defendant.**

**Civ. A. No. 94–301–A.**

United States District Court, E.D. Virginia, Alexandria Division.

April 29, 1994.

Sharon L. Terry, Washington, DC, for plaintiff.

Robert B. Cave, McLean, VA, for defendant.

## MEMORANDUM OPINION

CACHERIS, Chief Judge.

This matter is before the Court on Defendants' Motion to Set Aside Confessed Judgment or, in the Alternative, Stay Execution. For the reasons that follow, as well as those stated in open court, defendants' motion is GRANTED.

### I.

In December of 1993, NVMercure filed suit in Loudon County Circuit Court against Benton Resources, Inc. ("Benton") and Sun NLF LP ·("Sun") to prevent Benton Resources and Sun from violating what NVMercure claimed was their right of first refusal to purchase the Mercure Business Park ("Property")—112.7 acres located near Dulles Airport. NVMercure alleged that Sun and Benton violated the right of first refusal by overstating the price that Benton offered to pay for the Property and by not giving NVMercure a proper offer to purchase the Property. NVMercure was granted a Temporary Restraining Order by the Loudon County Circuit Court enjoining the sale of the Property but could not post the required $3.3 million bond, and the sale and transfer of the Property between Sun and Benton went forward.

NVMercure alleges that it obtained the right of first refusal pursuant to its Debt Restructuring Agreement with Perpetual Savings Bank ("Perpetual"). Perpetual had made a loan to NVMercure in April of 1988, for the acquisition and development of the Property. The loan was guaranteed by Dwight C. Schar, William A. Moran, Peter H. Lunt, and Stephen M. Cumbie (the "Guarantors"). On May 30, 1991, after NVMercure had defaulted on the loan, Perpetual agreed to restructure the loan and executed the Debt Restructure Agreement with NVMercure and the Guarantors. Also, under the Restructure Agreement, Perpetual acquired the Property, and NVMercure executed a Confessed Judgement Note, referred to as the Deficiency Note in the Restructure Agreement, in the principal amount of $6,397,890.38, payable to Perpetual or any future holder of the Note. NVMercure claims that no payment is due on the Note until May 30, 1996. However, Benton argues that the Note presently entitles them to a $5,295,854.38 judgment against the defendants.

On January 19, 1992, the OTS declared Perpetual insolvent and appointed the RTC as receiver for Perpetual and all of its assets, including the Property, the Note, and the Guaranty. On May 6, 1993, the RTC sold the Property, the Note and the Guaranty, along with numerous other Perpetual assets, to Sun. Then, in December of 1993, Sun transferred the Note and the Guaranty along with the Property to Benton. Purporting to be the proper holder of the Note, Benton obtained a confessed judgment in this Court against all the defendants for the sum of $5,295,854.38 plus interest and fees on March 11, 1993. On March 25, 1994, NVMercure filed the instant motion seeking to set aside the confessed judgment as invalid.

### II.

Under Va.Code Ann. § 8.01–433[1], a confessed judgment may be set aside where a defendant can raise "any ground which would have been an adequate defense or setoff in

---

1. Section 8.01–433 states as follows:

   **§ 8.01–433. Setting aside judgments confessed under § 8.01–432.**—Any judgment confessed under the provisions of § 8.01–432 may be set aside or reduced upon motion of the judgment debtor made within twenty-one days following notice to him that such judgment has been entered against him, and after twenty-one days notice to the judgment creditor or creditors for whom the judgment was confessed, on any ground which would have been an adequate defense or setoff in an action at law instituted upon the judgment creditor's note, bond or other evidence of debt upon which such judgment was confessed. Whenever any such judgment is set aside or modified the case shall be placed on the trial docket of the court, and the proceedings thereon shall thereafter be the same as if an action at law had been instituted upon the bond, note or other evidence of debt upon which judgment was confessed. After such case is so docketed the court shall make such order as to the pleadings, future proceedings and costs as to the court may seem just. (Code 1950, § 8–357; 1977, c. 617.)

   **Va.Code Ann. § 8.01–433 (1992).**

an action at law instituted upon the creditor's note, bond or other evidence of debt upon which such judgment was confessed." Va. Code Ann. § 8.01–433. "The decisive issue is whether defendants have raised an *adequate defense* to the enforcement of the underlying debt." *First American Bank v. McCarty,* 29 Va.Cir. 182, 183 (1992) (emphasis added). *See also Harris & Harris v. Tabler,* 232 Va. 75, 348 S.E.2d 241 (1986). In the instant action, the defendants have raised several technical defenses based upon Va.Code Ann. §§ 8.01–435 and 8.01–436, as well as numerous substantive defenses based upon their purported right of first refusal.

Initially, the defendants make several technical arguments based upon Va.Code Ann. §§ 8.01–435 [2] and 8.01–436 [3]. First, defendants claim that the power of attorney provisions in the Deficiency Note and the Deficiency Guaranty do not comply with Va.Code Ann. § 8.01–435. Second, defendants argue that the person who confessed judgment, Brian Kueker, was not appointed attorney-in-fact by the agreements. Third, defendants allege that judgment was not confessed in person in a Virginia court. And fourth, defendants claim that the affidavit confessing judgment does not substantially comply with Va.Code Ann. § 8.01–436.

Defendants first assertion is that the confessed judgment provisions of the Deficiency Note and the Deficiency Guaranty do not comply with Va.Code Ann. § 8.01–435 because they fail to "specifically name" the attorney authorized to confess judgment against defendants. The confessed judgment provisions at issue appoint "any attorney admitted to practice in any jurisdiction or any vice president or senior vice president of *the Bank...*" [4] *See* NVMercure Motion, Ex. 3, Deficiency Note, ¶ 12 (emphasis added);

2. Section 8.01–435 states as follows:

   **§ 8.01–435. Who may confess judgment.**—Confession of judgment under the provisions of § 8.01–432 may be made either by the debtor himself or by his duly constituted attorney-in-fact, acting under and by virtue of a power of attorney duly executed and acknowledged by him as deeds are required to be acknowledged, before any officer or person authorized to take acknowledgments of writings to be recorded in this Commonwealth, provided, however, that any power of attorney incorporated in, and made part of, any note or bond authorizing the confession of judgment thereon against the makers and endorsers in the event of default in the payment thereof at maturity need not be acknowledged, but shall specifically name therein the attorney or attorneys or other person or persons authorized to confess judgment and the clerk's office in which the judgment is to be confessed. (Code 1950, § 8–359; 1977, c. 617.)

   Va.Code Ann. § 8.01–435 (1992).

3. Section 8.01–436 states as follows:

   **§ 8.01–436. Form of Confession of Judgment.**—On the presentation of any such power of attorney as is mentioned in § 8.01–435 by any of the persons therein named as attorneys-in-fact, or on the personal appearance of the debtor and the expression by him of his desire to confess judgment, the clerk of the court mentioned in such power of attorney, or before whom the such debtor shall so appear, shall draw and require the attorney-in-fact so appearing, or the debtor, as the case may be, to sign a confession of judgment, which shall be in form substantially as follows:

   "Virginia: In the clerk's office of the .......

   court of the ....... of ........, I (or we) A.B., (or A.B. and C.D., etc.) hereby acknowledged myself (or ourselves) to be justly indebted to, and do hereby confess judgment in favor of (name of creditor) in the sum of ......... dollars ($......) with interest thereon from the ..... day of ......, nineteen hundred ......, until paid, and the cost of this proceeding (including attorney's fees and collection fees provided for in the instrument on which the proceeding is based) hereby waiving the benefit of my (or our) homestead exemptions as to the same, provided the instrument on which the proceeding is based carries such homestead waiver.

   Given under my (or our) hand, this.... day of ........, nineteen hundred and .........

   (Signatures)

   or if by an attorney-in-fact, signatures and seals of debtors,

   By ....................
   his (or their) attorney-in-fact.

   (Code 1950, § 8–360; 1977; c. 617.)

   Va.Code Ann. § 8.01–436 (1992).

4. Initially, the Court takes note of an apparent ambiguity in the draftsmanship of the documents at issue. The Deficiency Note defines the "Bank" as "Perpetual Savings Bank, F.S.B., ... (herein sometimes referred to as 'the Bank' or

NVMercure Motion, Ex. 4, Deficiency Guaranty, ¶ 10 (emphasis added).[5]

Section 8.01–435 of the Virginia Code provides, in pertinent part, that:

> ... any power of attorney incorporated in, and made part of, any note or bond authorizing the confession of judgment thereon ... *shall specifically name therein the attorney or attorneys or other person or persons authorized to confess such judgment* ...

Va.Code Ann. 8.01–435 (emphasis added). Section 8.01–2, which provides the definitions of terms used in Title 8 of the Code, provides that:

> "Person" shall include individuals, a trust, an estate, a partnership, an association, an order, a corporation, or any other legal or commercial entity.

Va.Code Ann. § 8.01–2 (1992).

■■■ Although there appears to be no published case law that supports their view,

'Noteholder') (which term shall also include any future holder of this note)...." NVMercure Motion, Ex. 3, Deficiency Note, p. 1. However, the Deficiency Guaranty defines the "Bank" only as "PERPETUAL SAVINGS BANK, F.S.B., a federally chartered savings bank (the 'Bank' or 'Noteholder')." NVMercure Motion, Ex. 4, Deficiency Guaranty, p. 1. Accordingly, there appears to be some uncertainty among the documents regarding who has the power to confess judgment against the various parties.

5. The language discussing confession of judgment in paragraph 12 of the Deficiency Note provides as follows:

> In the event that any one or more events of default occurs under this Note or under the Debt Restructure Agreement, and at any time thereafter during the continuation of such event, upon five (5) days' written notice to the Borrower, and, to that end, the Borrower hereby authorizes and empowers any Clerk of any Court in the Commonwealth of Virginia, to enter confession against the Borrower, in favor of the Noteholder, for the full amount of the Indebtedness due hereunder, interest and costs, including, without limitation, all costs of collection and attorneys' fees and disbursements, expressly waiving summons and other process, and does further consent to the immediate execution of said judgment, expressly waiving benefit of any homestead or other exemption laws. The Borrower hereby duly constitutes and appoints any attorney admitted to practice in any jurisdiction or any vice president or senior vice president of the Bank its true and lawful attorneys-in-fact, for it, in its

the plaintiff urges the Court to adopt a liberal reading of the statute and conclude that the phrase "any vice president or senior vice president of the Bank" is sufficiently specific to satisfy the requirements of the statute. The Court is unwilling to do so.

> [The provisions of § 8.01–431 *et seq.*], taken as a whole, tend to allow the judgment debtor an opportunity to be heard before a lien is entered against the property, and to know in advance of any confession where it might occur and by whom it might be confessed. *These statutes reflect a general concern with the possible abuse of confessed judgments, particularly those taken pursuant to a power of attorney waiving the right to due process.*

Middletich & Sinclair, *Virginia Civil Procedure*, § 14.8 (1992) (emphasis added). Given the considerable authority that is created by the power to confess judgment, the Court

name, place and stead, and upon default of payment hereof as set forth herein to confess judgment against it in any court of record in the Commonwealth of Virginia or in the United States District Court for the Eastern or Western Districts of Virginia, upon such obligation, including without limitation, all costs of collection and attorneys' fees and disbursements as provided herein and court costs, hereby ratifying and confirming the acts of said attorneys-in-fact as fully as if done by itself or himself, expressly waiving benefit of any homestead or other exemption laws. No single exercise of the foregoing power to confess judgment shall be deemed to exhaust the power, whether or not any such exercise shall be held by a court to be valid, voidable or void, but the power shall continue undiminished and it may be exercised from time to time as often as the Noteholder shall elect, until such time as the Noteholder shall have received payment in full of sums pursuant to the Note, together with interest thereon, if any, plus attorneys' fees and costs as aforesaid. These rights shall be in addition to all other rights that the Noteholder may have under applicable law, and all such rights shall be cumulative. NVMercure Motion, Ex. 3, Deficiency Note, ¶ 12. The language of paragraph 10 of the Deficiency Guaranty is identical in almost every aspect with the language quoted above, with the exception of a few minor word differences—for example, substituting "Guaranty" for "Note" and "Guarantors" for "Borrower". However, the language appointing the attorney-in-fact is identical. See NVMercure Motion, Ex. 4, Deficiency Guaranty, ¶ 10.

believes that the statute should be strictly construed to prevent abuse.

While the Court agrees with the plaintiff that a corporation or other legal or commercial entity may be given the authority to confess judgment under the statute, that is not what is at issue in the present case. What is at issue is whether the phrase "any vice president or senior vice president of the Bank" is sufficiently specific to allow Benton Land Fund to confess judgment, given the ambiguities among the documents. *See* note 4, *supra.* The Court finds that it is not.

■ Furthermore, assuming *arguendo* that the language in the agreements was specific enough to allow Benton Land Fund to confess judgment, the Court finds that it does not entitle Mr. Kueker to act as the attorney-in-fact for the purpose of confessing judgment against the defendants.[6] Although the Court realizes that partnerships do not have vice-presidents or senior vice-presidents, Mr. Kueker, who is the vice-president of a corporate general partner of the limited partnership that is the general partner of Benton Land Fund, is simply too far removed to be considered as the "vice-president or senior vice-president of the Bank." Accordingly, the Court finds that Mr. Kueker was not appointed as the attorney-in-fact under the terms of the documents and thus did not have the power to confess judgment under the statute.

For the foregoing reasons, the Court finds that the defendants' technical defenses constitute an adequate defense to the confessed judgment.[7] Accordingly, the defendants' motion to set aside the confessed judgment is **GRANTED.**

**6.** This is the defendants' second technical argument.

**7.** Because the Court finds that defendants' first two technical arguments are dispositive of the

motion, it is unnecessary for the Court to address the remaining technical and substantive arguments at this time.