Roseman, J.
On November 13, 1996, this matter was before the court for hearing on the parties’ cross-motions for summary judgment. In its motion, plaintiff C.F. Trust, Inc. (“C.F. Trust”), claims that it is entitled to enforcement in Massachusetts of a Virginia monetary judgment. Defendants Barrie and Nancy Peterson (collectively “Petersons") oppose the motion on the grounds that under G.L.c. 235, §23A (1986 ed.) the judgment is unenforceable, that C.F. Trust has no standing to bring suit, and that the value and ownership of the underlying notes has not been finally adjudicated.[1]
In support of their motion for summary judgment, the Petersons argue that confessed judgments are void and unenforceable in Massachusetts, and that the lack of notice afforded to confessed judgment debtors violates due process, rendering the judgment unenforceable under G.L.c. 235, §23A. C.F. Trust opposes the motion on grounds that confessed judgments are entitled to full faith and credit in the Commonwealth; that the judgment is final for purposes of recognition and enforcement; and that G.L.c. 235, §23A is inapplicable.
For reasons discussed below, plaintiff C.F. Trust’s motion for summary judgment is ALLOWED, but enforcement as to Nancy Peterson is stayed. Defendants Barrie and Nancy Peterson’s motion for summary judgment is DENIED.
BACKGROUND
This quagmire arises from two promissory notes totalling $6,064,903.00 (“the notes”) endorsed by the Petersons in 1993. The notes made by DEP, Inc. (“DEP”), a Virginia corporation, were signed by its president, Scott Peterson, the Petersons’ son. Central Fideliiy Bank (“C.F. Bank”), C.F. Trust’s predecessor in interest, was the lender. The notes, executed in Virginia, included a “Confession of Judgment” clause. Confessed judgment clauses, also referred to as warrant of attorney clauses, constitute the “written authority of a debtor and a direction by him for the entry of a judgment against him if the obligation set forth in the note is not paid when due.” F.D.I.C. v. Aaronian, 93 F.3d 636, 637-38 (9th Cir. 1996).[2] Pursuant to this clause, the Petersons appointed attorneys for C.F. Bank as their “attorneys-in-fact,” authorizing the bank’s attorneys to obtain a judgment against the Petersons were they to default on their endorsement.
DEP defaulted on the notes in August 1995, and the Petersons received notice of DEP’s default from C.F. Bank that same month. DEP subsequently filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division, on October 6, 1995. On February 1, 1996, attorneys for C.F. Trust[3] obtained a confessed judgment in the amount of $6,117,813.00 against the Petersons in the Commonwealth of Virginia Circuit Court for Prince William County. Pursuant to Virginia confessed judgment practice, the Petersons received notice of the judgments against them after the judgments were entered. Barrie Peterson was noticed on February 5, 1996, Nancy Peterson on February 11, 1996.[4]
On March 1, 1996, the Petersons removed the confessed judgment actions to federal district court. Nancy Peterson timely filed a motion to vacate the confessed judgment against her in the United States District Court for the Eastern District of Virginia on March 4, 1996.[5] Barrie Peterson did not file a motion to vacate. On April 19,1996, the United States District Court denied Ms. Peterson’s motion to vacate. Ms. Peterson appealed to the United States Court of Appeals for the Fourth Circuit. The appeal pends.
On March 13, 1996, C.F. Trust initiated the instant Massachusetts action, seeking to attach as security for the unpaid confessed judgments Nantucket properly the Petersons hold as tenants by the entirety. On that same day, this Court (Hinkle, J.) allowed C.F. Trust’s motion for an ex parte order of attachment in the amount of the Virginia judgment, $6,117,813.00. Both parties move for summary judgment on the issue of whether this Court may or should recognize and enforce the underlying Virginia judgments.[6]
*506 DISCUSSION
The court will grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that the moving party is entitled to judgment as a matter of law. Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995); Mass.RCiv.P. 56(c). The burden is on the moving party to show that there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law. Flesner v. Technical Communications Corp., 410 Mass. 805, 808-09 (1991) (citations omitted). “This burden need not be met by affirmative evidence negating an essential element of the plaintiffs case, but may be satisfied by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Id., citing Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
Where cross motions for summary judgment are before the court, the court will independently review each motion to determine if there is no genuine issue of fact, and, if so, whether either party is entitled to judgment as a matter of law. See, Wright, Miller & Kane, Federal Practice and Procedure §2720 (1983). “The fact that both parties [have] moved for summary judgment does not mean that no material factual issue [remains].” Basch and Sons v. Travelers Indem. Co., 392 Mass. 1002 (1984).
A. Plaintiff C.F. Trust’s Motion for Summary Judgment
Viewed in the light most favorable to the Petersons, no genuine issue of material fact is in dispute. The maker defaulted on notes endorsed by the Petersons. Attorneys for C.F. Bank obtained the confessed judgments against the Petersons under the terms of the confessed judgment clause, and the Petersons received notice of the judgments as required by Virginia law. Based on these undisputed facts, C.F. Trust is entitled to judgment as a matter of law under the constitutional mandate of full faith and credit.
1. Confessed Judgments
The Petersons assert that this court may not recognize or enforce confessed judgments because they are void in Massachusetts. G.L.c. 231, §13A (1985 ed.) provides in pertinent part that “any stipulation ... in a promissory note . . . whereby a party thereto agrees to confess judgment... or agrees to authorize another person to confess judgment . . . shall be void.” See also, McDade v. Moynihan, 330 Mass. 437, 442 (1953). The United States Supreme Court, however, held such clauses not unconstitutional per se. Aaronian, 93 F.3d at 640, citing D. H. Overmyer Co., Inc., of Ohio v. Frick Co., 405 U.S. 174 (1972), and a companion case. Other states recognize that confessed judgment clauses “serve a valuable commercial purpose by injecting a measure of security for the creditor into the lending relationship.” Aaronian, 93 F.3d at 640.
While Massachusetts no longer recognizes confession of judgment clauses in promissory notes, Virginia as indicated does recognize and enforce such clauses. Va. Code Ann. §8.01-432 et seq. (1992 ed.);[7] Benton Land Fund, L.P. v. NVMercure Ltd. Partnership, 849 F.Supp. 1123, 1126 (E.D.Va. 1994) (applying Virginia law). This disparity, however, does not entitle Massachusetts courts to avoid recognizing a confessed judgment entered by Virginia courts under Virginia law. As the Petersons concede, the leading case of McDade v. Moynihan, supra, where the Supreme Judicial Court afforded full faith and credit to a Pennsylvania confessed judgment, is clear:
[G.L.c. 231, §13A] fixes the law and establishes the policy of the Commonwealth with respect to judgments by confession; but it does not affect the law of [the rendering state], and it does not empower the courts of this Commonwealth, because of our policy, to refuse full faith and credit according to the Constitution of the United States to the judgments of other States which are valid under the laws of those States.
McDade, 330 Mass. at 442.
Therefore, this court has no discretion in determining whether the Virginia judgment is entitled to full faith and credit. The Constitution mandates that it do so.
[A] judgment entered under a warrant of attorney to confess judgment, as authorized by contract of the parties and the law of the state where the power is given and the judgment entered, will not be denied enforcement in another state because the statutes of the latter do not provide for confessions upon warrant of attorney... . [The] fact that a judgment of a court was entered under a [confession of judgment clause] and without service of process or appearance other than that pursuant to the warrant itself, does not take it out of the full faith and credit provision of the Federal Constitution, or disentitle it to the recognition and effect accorded to other judgments of sister states . . . And this is true whether or not such judgments of that kind are permitted in the state in which the judgment of the sister state is asserted.
Monarch Refrigerating Co. v. Farmers’ Peanut Co., 74 F.2d 790, 792 (4th Cir.), cert. denied, 295 U.S. 732 (1935), cited with approval in McDade, 330 Mass. at 443 n. 1. Accordingly, this court must, if the principles of full faith and credit are satisfied, recognize the Virginia judgment.
2. Full Faith and Credit
Article IV §1 of the United States Constitution provides that each state must afford “full faith and credit” to a judgment rendered by a sister state. “A judgment entered in one State must be respected in another provided that the first State had jurisdiction over the parties and the subject matter.” Nevada v. *507 Hall 440 U.S. 410, 421 (1979). See also, Bassett v. Blanchard, 406 Mass. 88, 90 (1989); Wright Mach. Corp. v. Seaman-Andwall Corp., 364 Mass. 683, 696 (1974).[8]
The Petersons cannot and do not argue that the Circuit Court for Prince William County (“rendering court”) lacked personal or subject matter jurisdiction. Under the terms and conditions of the notes, the Petersons consented to the personal jurisdiction of the rendering court. Even if they had not, they had sufficient contacts with the rendering state. The maker and endorsers were Virginia residents, the notes were executed and performed in Virginia, and they were secured by Virginia property. See, McDade, 330 Mass. at 442-43. The Petersons also do not contest C.F. Trust’s assertion that the rendering court was a court of general jurisdiction. See, Wright Mach. Corp., 364 Mass. at 691 n.8.
“Once it appears, as it does here without dispute, that a court has jurisdiction over the person and subject matter . . . the full faith and credit clause of the Constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based." Id. at 691. Thus, the claim that C.F. Trust lacks standing, and that the value and ownership of the notes is still undetermined cannot be relitigated in this court.[9]
In sum, the principles of full faith and credit mandate that “the judgment, if valid where rendered, must be enforced in such other State although repugnant to its own statutes.” Roche v. McDonald, 275 U.S. 449, 452-53 (1928) (emphasis added). This court thus recognizes the Virginia judgments.
3. Finality of the Judgment Against Nancy Peterson
Although this court recognizes the judgments against the Petersons, it cannot enforce the judgment against Nancy Peterson because her appeal of the District Court’s denial of her motion to vacate the confessed judgment is, as of this date, pending in the Circuit Court. The Petersons removed the confessed judgment actions to federal court on the basis of diversity of citizenship jurisdiction. “(S]tate law controls the rights and duties of the parties in a federal action founded on diversity.” Wolford v. Budd Co., 149 F.R.D. 127, 130 (W.D.Va. 1993), citing Erie Ry. Co. v. Tompkins, 304 U.S. 64 (1938). See also, Thornhill v. Donnkenny, Inc., 823 F.2d 782, 787 (4th Cir. 1987) (Virginia law controls suit removed to Fourth Circuit on diversity jurisdiction).
Thus, the determination of whether the judgment against Nancy Peterson is final for purposes of recognition and enforcement is made pursuant to Virginia law. Migra v. Warren City School Dist. Bd. of Ed., 465 U.S. 75, 80-81 (1984); Thomas v. Brown, 708 F.Supp. 336, 338 (N.D.Ga. 1989). Under Virginia law, “a judgment is not final for the purposes of res judicata . . . when it is being appealed." Faison v. Hudson, 243 Va. 413, 419, 417 S.E.2d 302, 305 (1992). See also, Wright Mach. Corp., 364 Mass. at 688-89 (“the effects of the res judicata doctrine extend to judgments rendered in other states through the full faith and credit clause”). Moreover, Nancy Peterson’s motion to vacate, if ultimately allowed, could extinguish her liability on the notes.[10]
Although the judgment against Nancy Peterson is not final, this does not prevent this court from recognizing both confessed judgments. First Nat'l Bank of Houma v. Bailey, 29 Mass.App.Ct. 193, 197 (1990). It does, however, require that the issuance of any enforcement or execution on this judgment be stayed until such time as the Circuit Court renders its mandate and appeal or other review is exhausted. “Recognition without enforcement of the judgment protects the interests of the parties and satisfies notions of deference and principles of res judicata.” Id. at 199. C.F. Trust’s motion for summary judgment as to each defendant is therefore ALLOWED. Enforcement or execution on the judgment as to Nancy Peterson, however, is treated as STAYED pending the Circuit Court’s mandate, and appeal or other review therefrom, if any, is exhausted.
B. Defendants’ Motion for Summary Judgment
The Petersons do not meet their burden of demonstrating they are entitled to judgment as a matter of law. They argue:
1. Lack of Due Process as a Defense to Full Faith and Credit
The Petersons contend that the judgments should not be enforced because they did not receive notice of the judgments until after they were entered, purportedly in violation of G.L.c. 231, §13A and G.L.c. 235, §23A. The amount of process due a judgment debtor is determined by the applicable laws of the rendering state. Berrios v. Perchik, 20 Mass.App.Ct. 930, 931 (1985); Quinn v. Quinn, 5 Mass.App.Ct. 794, 794, rev. denied, 372 Mass. 872 (1977) (service of process in Rhode Island did not comport with Rhode Island law).
Under Virginia law a confessed judgment debtor is entitled to notice and an opportunity to defend the action after the confessed judgment has been entered. Va. Code Ann. §8.01-432 (1992); Benton Land Fund, 849 F.Supp. at 1126 (warranty of attorney clauses waive the right to due process, and allow the debtor to “know in advance of any confession where it might occur and by whom it might be confessed”) (emphasis supplied). The Petersons did receive notice of the judgment, albeit after it was entered. Notice after the fact was, however, all the process they were due under Virginia law and the terms of the notes they endorsed.
Even were this court to grant the Petersons process due under Massachusetts’ view of due process, a refuge would not be provided. Under Massachusetts’ view, “the essential elements of due process of law are notice and opportunity to defend." O’Leary, Petitioner, 325 Mass. 179, 182 (1950). But “(t]he constitutional *508 guaranty of due process does not guarantee to a citizen of a State any particular method of procedure. . . [States’ procedures do] not run afoul of the Fourteenth Amendment because another method may seem to our thinking to be fairer or wiser or to give a surer promise of protection.” Commonwealth v. Coggins, 324 Mass. 552, 557, cert. denied, 338 U.S. 881 (1949). While it may be fairer or wiser to provide the confessed judgment debtor with notice of the impending judgment before it is entered, the failure in this circumstance to do so does not constitute a deprivation.
2. G.L.c. 235, §23A
The argument that the judgment is unenforceable under G.L.c. 235, §23A (“§ 23A”) contravenes the statute. Section 23A in pertinent part provides:
any foreign judgment that is final and conclusive and enforceable where rendered . . . shall be conclusive between the parties to the extent that it grants or denies recovery of a sum of money. The foreign judgment shall be enforceable in the same manner as the judgment of a sister state which is entitled to full faith and credit. ... As used in this section ... “foreign state” means any governmental unit other than the United States, or any state, district, commonwealth, territory, or insular possession thereof. . . ; “foreign judgment” means any judgment of a foreign state granting or denying recovery of a sum of money. (Emphasis added.)
Thus, on its face, §23A does not apply to judgments of sister states. See, e.g., Desjardins Ducharme v. Hunnewell, 411 Mass. 711 (1992) (Canadian judgment): Manches & Co. v. Gilbey, 419 Mass. 414 (1995) (English judgment): McCord v. Jet Spray Int’l Corp., 874 F.Supp. 436 (D.Mass. 1994) (Belgian judgment). Accordingly, defendants Nancy and Barrie M. Peterson’s motion for summaiy judgment is DENIED.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiff C.F. Trust’s Motion for Summaiy Judgment seeking recognition of the judgments in C.F. Trust, Inc. v. Barrie Peterson, et al., Civil Action Nos. 96-264-A and 96-265-A (E.D.Va. 1996) is ALLOWED.
It is ORDERED that enforcement of the United States District Court judgments, or execution thereon, as the case maybe, is ALLOWED as to Barrie Peterson.
It is ORDERED that enforcement of the United States District Court judgments is treated as STAYED as to Nancy Peterson until the United States Court of Appeals for the Fourth Judicial Circuit issues its mandate in the matter of C.F. Trust, Inc. v. Nancy Peterson, No. 96-1704 (4th Cir., filed June 1996), and appeal or other review therefrom, if any, is exhausted.
It is further ORDERED that defendants’ Motion for Summaiy Judgment is DENIED.

Defendants also filed, as part of their response to C.F. Trust’s summary judgment motion, a “Motion Pursuant to Rule 56(f) for Refusal or Continuance of Plaintiffs Motion for Summaiy Judgment.” This motion was unaccompanied by an affidavit, as required by Mass.RCiv.P. 56(f). Thus the court will not consider the Rule 56(f) motion.

Virginia law allows for such clauses in promissory notes. See discussion, infra.

C.F. Bank sold the notes to C.F. Trust on August 29, 1995. As part of that transaction, C.F. Trust assigned the notes to First Southern National Bank of Lincoln County, a Kentucky bank, as, essentially, a purchase money security interest.

The summary judgment record is unclear as to why Nancy Peterson received notice later than Barrie Peterson. For our purposes, the gap is unimportant.

Virginia law provides that the confessed judgment debtor may file a motion to set aside the judgment, based on “any ground which would have been an adequate defense or setoff in an action at law” on the note within twenty-one (21) days after notice of the judgment. Va. Code Ann. §8.01-433 (1992).

Further facts will be discussed as they become relevant.

Va. Code Ann. §8.01-432 (1992) provides: “Any person being indebted to another person, or any attorney-in-fact pursuant to a power of attorney, may at any time confess judgment in the [courts] ... for only such principal and interest as his creditor may be willing to accept a judgment for.”

The Peterson’s opposition relies in large part on G.L.c. 235, §23A That statute is inapplicable to the case at bar, as discussed infra.

Nancy Peterson argues that the Virginia judgment should not be recognized or enforced in Massachusetts because it is not final. This argument is addressed infra.

Nancy Peterson asserts that her signatures on the notes were obtained in violation of the Federal Equal Credit Opportunity Act and the Virginia Equal Credit Opportunity Act.