Connolly, J.
Introduction
On May 15, 1998, this matter was before the Court for a conference on the plaintiffs motions. In support of their motion to issue executions, the plaintiff, C.F. Trust, Inc. argues that G.L.c. 235, §14(a) governs the effect of an appeal of a judgment on a foreign judgment, and that having complied with §14(a)’s provisions, this Court must issue an execution on the judgment. The defendants, Barrie and Nancy Peterson, argue that G.L.c. 235, §16 and Massachusetts Rule of Civil Procedure 62(d) automatically stay this action pending appeal of the judgment in the Appeals Court. The plaintiff also moves to dismiss the defendant’s appeal with prejudice for failure of the defendants to file a transcript pursuant to Rule 8(b)(1) of the Massachusetts Rules of Appellate Procedure.
For the reasons discussed herein, plaintiffs motion to order issuance of executions and plaintiffs motion to dismiss defendants’ appeals are DENIED.
BACKGROUND
This case arises from two promissory notes totalling $6,064,903 madebyDEP, Inc., a Virginia corporation, and signed by Scott Peterson, the defendants’ son. The defendants endorsed the notes in 1993. Central Fidelity Bank, the original lender, sold the notes to C.F. Trust on August 29, 1995. DEP, Inc. defaulted on the notes in August 1995.
On February 1, 1996, C.F. Trust obtained a confessed judgment in the amount of $6,117,813 against the defendants in the Commonwealth of Virginia Circuit Court for Prince William County. Nancy Peterson removed the confessed judgment action to the United States District Court for the Eastern District of Virginia, and Ms. Peterson filed a motion to vacate the judgment on March 4, 1996. The District Court denied Ms. Peterson’s motion on April 19, 1996 and she appealed that decision to the United States Court of Appeals for the Fourth Circuit.
In an attempt to satisfy the confessed judgment, C.F. Trust commenced this action on March 13, 1996, seeking to attach property owned by the Petersons in Nantucket as security for the unpaid confessed judgment. The Court (Hinkle, J.) allowed C.F. Trust’s motion for an attachment on March 14, 1996 in the amount of $6,117,813. The parties filed cross motions for summary judgment on the issue of whether Massachusetts courts will enforce foreign confessed judgments. On March 6, 1997, the Court (Roseman, J.) determined that the judgment against the defendants is enforceable as to Barrie Peterson but that “enforcement of the United States District Court judgments is treated as STAYED as to Nancy Peterson until the United States Court of Appeals for the Fourth Judicial Court issues its mandate in the matter of C.F. Trust, Inc. v. Nancy Peterson. . ,”[1] [6 Mass. L. Rptr. No. 23, 505 (May 5, 1997).] The Fourth Circuit Court of Appeals affirmed the District Court’s denial of the motion to vacate on July 15, 1997.
On April 17, 1998, the Court (Roseman, J.) issued an amended judgment on foreign judgment against Nancy Peterson. The defendants filed a notice of appeal from this judgment the same day, and that appeal is pending before the Appeals Court.
DISCUSSION
Defendants’ Motion to Compel Arbitration The defendants originally filed a motion to compel arbitration on March 18, 1998. On April 30, 1998, the *532 Court (vanGestel, J.) denied the defendants’ motion. Pursuant to Rule 9A, the defendants’ motion to compel has been filed before the Court once again. Given that this motion has been disposed of, the Court need not, and will not, act on it now.
Plaintiffs Motion to Dismiss Defendants’ Appeal
The plaintiff argues that the defendants have violated Mass. R.A.P. 8(b)(1) by failing to file a transcript of the underlying proceedings in connection with their appeal, and that the defendants’ appeal must be dismissed with prejudice. Massachusetts Rule of Appellate Procedure 8(b)(1) provides in pertinent part:
Within ten days after filing the notice of appeal the appellant shall order from the court reporter a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence, he should include in the record a transcript of all evidence relevant to such finding or conclusion.
Massachusetts Rule of Appellate Procedure 8(b)(1) places the duly on a civil appellant to order a transcript or a portion of a transcript when there has been an evidentiary or other hearing, the contents of which are contained in the transcript and form the basis of the appeal. See Mass. R.A.P. 8(b)(1). The appellant has no duly to order a transcript when he bases his appeal on the papers previously filed with the court. See Doten v. Doten, 395 Mass. 135, 139 (1985) (concluding that appellant must order a transcript when issues are raised by the evidence). C.F. Trust has represented that there has been no testimony by witnesses in this case, and as a result, there is no Rule 8(b)(1) transcript.[2] See Maurice Callahan & Sons, Inc. v. Outdoor Advertising Bd., 376 Mass. 135, 136 (1978) (no transcript to be ordered where there was no evidentiary hearing). The Court concludes that the defendants did not violate their duty under Mass. R.A.P. 8(b)(1) because the defendants rely on the papers filed with the Court and do not rely, in their appeal, on any issue requiring transcripts of proceedings. The defendants, however, did have a duiy to notify the plaintiff of the fact that their appeal would not raise any issue requiring a court transcript. Doten, 395 Mass. at 139. Although the record is unclear as to whether the defendants did inform the plaintiff of the lack of a need to order transcripts, even if the defendant failed to timely observe this obligation, it is not grounds for dismissal under Mass. R.A.P. 8(b)(1).[3] Id. Accordingly, the plaintiffs motion to dismiss the defendants’ appeal is denied.
Plaintiffs Motion to Order Issuance of Executions
The issued raised by the parties is whether G.L.c. 235, 14(a) or G.L.c. 235, §16 governs the effect of an appeal of a foreign judgment. The plaintiff asserts that § 14(a) governs. Section 14(a) provides:
If a judgment is rendered for the plaintiff by a court in an action founded on a judgment rendered by a court outside the commonwealth, execution shall not issue until the plaintiff files with the court rendering the judgment in the later action a transcript of the record of the judgment in the earlier case under the seal of the court rendering ft, attested by the clerk of such court.
Section 14(a) is silent on the effect of an appeal of a foreign judgment in this state. From this statutory silence, the plaintiff argues in part, the Court derives the authority to issue executions on the plaintiffs foreign judgment. C.F. Trust argues that amendments to G.L.c. 235, § 14(a) reflect a common law rule that appeals from judgments on foreign judgments do not stay executions. The two cases on which the plaintiff relies for this common law rule, however, stand for the narrower proposition that when an appeal of a foreign judgment is pending in the rendering state, the failure of the losing party to post an appeal bond according to the rendering state’s rules, results in the Massachusetts court refusing to stay the Massachusetts action. See Clark v. Child, 136 Mass. 344, 348 (1884); Faber v. Hovey, 117 Mass. 107, 108 (1875). Furthermore, Faber and Clark are distinguishable from this case because here, the appeal of the judgment on a foreign judgment has been taken in the Commonwealth. Despite the plaintiffs assertion that G.L.c. 235, §14(a) applies to this case because no Massachusetts appellate court has applied Rule 62(d) or G.L.c. 235, §16 to stay a suit on a foreign judgment, this does not advance his argument.
Both parties cite to First Nat’l Bank of Houma v. Bailey, 29 Mass.App.Ct. 193 (1990), in support of their arguments. In Bailey, the plaintiff, First National Bank of Houma, brought a complaint pursuant to G.L.c. 235, § 14(a) seeking recognition and enforcement of a partial judgment rendered in Louisiana, while a post-judgment appeal remained pending in Louisiana. Id. at 193-94. The Bailey court decided to recognize the foreign judgment but to refrain from enforcing it in Massachusetts until the appeal in Louisiana was decided. Id. at 199. The Bailey court based its decision not on G.L.c. 235, §16 but on the conflict of laws principle of deference to a rendering court’s jurisdiction and on mootness, since the Louisiana court could deem the judgment discharged and satisfied. Id.
When a Massachusetts court issues a judgment, and that judgment is appealed, G.L.c. 235, §16 governs the effect of that appeal on the issuance of an execution. “No execution shall issue upon a judgment until the exhaustion of all possible appellate review thereof, and the receipt by the clerk of the trial court of the appropriate rescript or order.” The statute makes no distinction between judgments from suits which originated and were rendered in the Commonwealth and foreign judgments. Section 16’s language applies here; this case is an action that resulted in a judgment by the Court, and that judgment is being appealed. To accept *533 C.F. Trust’s suggested interpretation of the relationship between G.L.c. 235, § 14(a) and G.L.c. 235, §16, this Court must defer to 14(a) and refuse to apply §16. Given that §16 applies here and 14(a) is silent on the issue of the effect on an execution of an appeal from a judgment, C.F. Trust’s interpretation would lead to inconsistency. “Statutes which do not necessarily conflict should be construed to have consistent directives so that both may be given effect.” County Comm’rs of Middlesex County v. Superior Court, 371 Mass. 456, 460 (1976); see also Boston Seaman’s Friend Soc., Inc. v. Attorney General, 379 Mass. 414, 416 (1980). Accordingly, the Court concludes that G.L.c. 235, §16 and not G.L.c. 235, §14(a) applies to the present action. Pursuant to §16, this action seeking execution of a judgment is stayed pending “exhaustion of all possible appellate review.” The plaintiffs motion to order issuance of executions, therefore, is denied.
ORDER
For the foregoing reasons, the plaintiffs motion to order issuance of executions is DENIED. It is further ordered that the plaintiffs motion to dismiss the defendants’ appeals is DENIED.

 The plaintiff appealed the Court’s order to stay the judgment under G.L.c. 231, §118. The Appeals Court (Kass, J.) issued an order on March 24,1997 denying the plaintiff relief from the stay. The Appeals Court (Kass, J.) issued a supplementary memorandum and order on March 27, 1998 which essentially reaffirmed, more elaborately, the reasoning behind the original order.
On March 31, 1997, the Appeals Court issued a second supplementary memorandum and order in response to plaintiffs request for reconsideration. Justice Kass observed: “I also take into account that what C.F. Trust wants is a very mechanical application of the appeal bond principle. The purpose of the appeal bond is to protect the judgment. That has been accomplished in this case by the attachment on the defendant’s Nantucket property... It is manifestly unwise to execute a $6,000,000 plus judgment when the judgment is not yet stable.”

 To the extent that the hearing that occurred on February 25, 1998 produced a record, and to the extent that the transcript of that hearing is a subject of their appeal, the defendants have complied with Mass. R.A.P. 8(b)(1). The defendants have represented that they ordered the transcript that same day, although they have not yet received it.

 The Court observes that a letter from the defendants’ counsel to the plaintiffs counsel to the effect that the defendants would raise no issue on appeal requiring a transcript would have sufficed under the Mass. R.A.P. 8(b)(1). That type of letter could have precluded additional effort by the parties’ counsel and the Court.