Holtz, J.

Introduction

The case arises out of a motor vehicle accident between the plaintiff, Mr. Joseph Romantelli (“Romantelli”) and another vehicle insured by Norfolk & Dedham Mutual Fire Insurance Company (“Norfolk”). Norfolk denied coverage on the basis of its investigation that the driver of the vehicle it insured did not have permission to use the car. Romantelli then sought coverage from his own insurance company, Safety Insurance Company (“Safety”). When Safety denied coverage, Romantelli initiated the underlying lawsuit.
As a result of that litigation, Safety issued a subpoena to Norfolk demanding it to appear on April 6, 2004, with any files related to the accident. After Norfolk failed to appear on that date, Safety contacted Norfolk again requesting the materials. By letter dated July 8, 2004, counsel for Norfolk expressed its objection to the subpoena, and in response Safety filed a motion to compel on July 28, 2004. Norfolk reiterated its objection in a letter to the court dated August 2, *272 2004. On August 13, 2004, this court declined to take any action on Safety’s motion to compel for failure to comply with Superior Court Rule 9A. Safety resubmitted the motion to compel on September 3, 2004, certifying Romantelli and Safety’s assent to the motion. Norfolk now brings this motion for reconsideration of the motion to compel, claiming that (1) the subpoena originally issued by Safety to Norfolk & Dedham was improper in light of the language of the Uniform Arbitration Act, G.L.c. 251; and (2) Rules 9A and/or 9C require notice to the party that is the subject of the motion to compel.

DISCUSSION

The Uniform Arbitration Act, G.L.c. 251 was designed to provide a mechanism whereby a claimant can obtain a speedy resolution of his uninsured motorists claim. In this proceeding, in which limited discovery is permitted, only an arbitrator may issue a subpoena. G.L.c. 251, Sec. 7; Hull Municipal Light Plant v. Mass. Municipal Wholesale Elect., 414 Mass. 609 (1993).
The plaintiff has a right to have the issues — whether his injuries were caused by the negligence of an insured driver and if so, the value of said injuries — decided in a timely manner. He should not be required to wait to resolve any claims he might have against alleged tortfeasors. Aetna v. Farts, 29 Mass.App.Ct. 194 (1989).
Therefore, the subpoena issued by Safety was improper and Norfolk should not be compelled to produce the requested documents at a deposition.
In opposing this Motion to Compel, Norfolk also argues that Superior Court Rules 9A and 9C require notice to Norfolk although Norfolk is neither a plaintiff nor defendant in this action.
A motion for order compelling discovery is authorized by Mass.R.Civ.P. 37(a) which provides in relevant part: “[u]pon reasonable notice to other parties and all persons affected, thereby, a party may apply for an order compelling discovery.” (Emphasis added.) When submitting a motion to the court, such as a motion to compel, Superior Court Rule 9A(b)(2) requires the moving party to serve a copy of the motion and other required documents “on every other party.” In addition, Superior Court Rule 9C governs the settlement of discovery disputes and requires counsel for the party intending to file a discovery motion to initiate a conference intended to narrow areas of disagreement.
Safety contends that Superior Court Rules 9A and/or 9C only apply to named parties of the litigation. This interpretation ignores the provision of Mass.R.Civ.P. 37(a) requiring reasonable notice “to all persons affected” by a motion to compel discovery. Moreover, such a narrow reading offends fundamental notions of due process by suggesting that the rights of an individual could be waived by the agreement of two other parties. While the court recognizes that Norfolk could have sought protection from the subpoena under a Mass.RCiv.P. 26(c) protective order, the availability of that remedy does not compromise Norfolk’s rights under Mass.R.Civ.P. 37(a) and Superior Court Rules 9A and/or 9C.
ORDER
For the foregoing reasons, the Defendant’s Motion to Compel is DENIED.